J. L. *Jernegan,* for the appellant.

May Term,
1850.

THE STATE
BANK OF
INDIANA
v.
YOUNG.

THE STATE BANK OF INDIANA *v.* YOUNG and Others.

A Court of Chancery cannot correct a record on account of the clerk of the Court making a mistake in entering a judgment.

APPEAL from the *Owen* Circuit Court.

BLACKFORD, J.—This was a bill in chancery filed in the *Owen* Circuit Court by the appellant against the appellees. A temporary injunction to restrain the prosecution of a certain writ of error sued out by the defendants was granted, and an answer was afterwards filed. The cause was submitted to the Court upon bill, answer, and depositions. The injunction was dissolved and the bill dismissed.

The bill states that the bank sued the appellees, in the *Owen* Circuit Court, on a promissory note; that the defendants filed several pleas in bar of the action, upon which issues were joined; that, during the trial, at the *September* term, 1841, the parties agreed to compromise the suit upon the following terms, viz., that the jury should be discharged, that the defendants would abandon their defence, and would give the plaintiff a judgment therein for the amount of the note with interest and costs, in consideration that the defendants should have a stay of execution for a certain time; that, thereupon, the plaintiff and defendants appeared in Court, and the Court, at the request of the parties, discharged the jury; that the defendants, then and there in open Court, gave the plaintiff a judgment for the amount of the note, interest, and costs, according to and in pursuance of said agreement; that the Court gave judgment accordingly; and that the plaintiff entered a stay of execution as agreed on.

May Term,
1850.

THE STATE
BANK OF
INDIANA
v.
YOUNG.

The bill further states that, by some mistake of the clerk of the Court, the judgment was not entered by the clerk as given by the Court, but that the same was entered as having been given by *nil dicit;* that the record does not show the impanneling or discharge of the jury; that the defendants fraudulently, in the plaintiff's absence, and without notice to her, caused the Court, at the *October* term, 1845, to enter of record, *nunc pro tunc,* that, at the *September* term, 1841, certain pleas, which were on the files among the papers in said cause, were filed, the filing of which the clerk had omitted to notice on the order-book.

The bill also states that the bank had performed her part of said agreement; that the defendants had not kept their part, but had sued out a writ of error to said judgment; and that, as the record does not show the said agreement for the compromise of the suit, which agreement was not reduced to writing, but was immediately carried into execution by the giving of said judgment, there is nothing in the record by which the same can be amended by a Court of law.

The bill sets out the record of said judgment, which record is as follows: "The plaintiff appears by *Kinney, Wright,* and *Gookins,* attorneys, and the defendants, except the said *John Johnson,* by *Champer, Hester, Secrest,* and *Bollman,* their attorneys, but say nothing in bar or preclusion of the plaintiff's action hereof against them, and the evidence being seen, and the Court being sufficiently advised of and concerning the premises, it is therefore considered by the Court here, that the plaintiff recover of the defendants (except said *Johnson* who appears from the sheriff's return not to have been served with process) the sum of 3,787 dollars and 36 cents, being the amount of the note and interest thereon and costs of protest, together with her costs by her in this suit expended, taxed at 16 dollars and 51 cents, and the defendants in mercy, &c. It is agreed by the parties to this judgment, with the assent of the Court, that there shall be a stay of execution for the term of four years without security, upon condition that the defendant, at the

expiration of one year, pay one-fourth of the amount thereof with interest on the whole amount to that time; at the expiration of two years from this date, they pay one other fourth thereof with interest on the whole balance to that time; at the expiration of three years from this date, they pay one other fourth thereof with interest, as aforesaid; and at the expiration of four years they pay the residue of said judgment and interest, with costs. And in case of failure of the defendants to pay either of the said instalments for sixty days after the same shall be due by the terms of this agreement, the plaintiff shall have a right to execution as if this agreement had not been made."

The bill prays that the record may be so amended as to show the impanneling and discharge of the jury, and the abandoning of their defence by the defendants, and the giving of said judgment on said note by agreement. There is also a prayer that the defendants be enjoined from prosecuting their said writ of error, and for general relief.

We think that the case made by this bill is not within the jurisdiction of a Court of chancery. The bill states that the judgment was correctly rendered, in the presence of both parties, according to the agreement. The gravamen of the bill is, that the clerk of the Court made a mistake in entering the judgment which the Court had rendered. If there be such clerical mistake, it cannot be corrected by a Court of chancery. This is shown by the cases of *Shottinkirk* v. *Wheeler*, 3 Johns. Ch. R. 275, and *The Bank of Tennessee* v. *Patterson*, 8 Humphreys, 363.

The complainant's counsel contend that the object of the bill is to enforce performance of the parol agreement of compromise. It does not appear to us that the bill can be sustained on that ground. We need not inquire whether the parol agreement is such a one as a Court of chancery could, under any circumstances, specifically enforce. The bill shows that after the parol agreement was made, the parties, in pursuance of it, appeared in Court, and had a judgment rendered in the cause for the

plaintiff. The rendition of that judgment put an end to the previous parol agreement on the subject. For the terms of that judgment, we must look to the records alone of the Court that rendered it. The plaintiff is estopped from saying that the judgment does not accord with the previous parol contract. In the case of a mere written agreement, neither party is permitted to say that the terms previously agreed upon by parol were different from those shown by the agreement in writing, and he will, therefore, notwithstanding the written agreement, resort to the one by parol. The rule is the same, *a fortiori*, in the case of a record.

What the bill says as to the entry made in the record relative to the filing of the pleas, is not material. The pleas were on file among the papers in the cause, but the clerk had omitted to make an entry of their being filed. The Court of law, surely, could have that misprision amended at any time when proper application was made. If the amendment was objectionable for the want of notice to the bank of the motion, as is insisted upon by her counsel, she should have applied to the Court of law, on that ground, to set the amendment aside.

We think the decree dissolving the injunction and dismissing the bill is unobjectionable.

*Per Curiam.*—The decree is affirmed with costs, &c.

*S. B. Gookins* and *A. Kinney*, for the appellant.

*C. Hester* and *D. Wallace*, for the appellees.