## BEDRON ET UX. *v.* BARAN.

[No. 12,563.  Filed March 9, 1927.]

1. JUDGMENT.—*Complaint to set aside default judgment held insufficient.*—A complaint to set aside a judgment on default, based on the allegation that the judgment plaintiff had promised to notify the defendants to the action before any further action should be taken therein and the judgment plaintiff's attorney had promised to notify the defendants' attorney of the same fact, was insufficient where it contained no averment that such notice was not given by the attorney.  p. 650.

2. COURTS.—*Superior court without jurisdiction of appeal from city court until transcript filed.*—A superior court acquired no jurisdiction of an action commenced in a city court until a certified transcript of the proceedings in the city court was filed in the office of the clerk of the superior court as required by §§1946, 1947 Burns 1926, governing appeals from justices of the peace (§11013 Burns 1926).  p. 653.

From Lake Superior Court; *Maurice E. Crites,* Judge.

Action by Mike Bedron and wife to set aside a default judgment taken against them by Andrew Baran. From a judgment for defendant, the plaintiffs appeal. *Reversed.* By the court in banc.

*D. P. Sevald,* for appellants.

*John H. Fetterhoff, Oscar A. Ahlgren* and *Dewey Kelley,* for appellee.

THOMPSON, J.—An action by appellants to set aside as null and void a judgment rendered against them by default.

Appellants filed an amended complaint in two paragraphs, the first paragraph of which alleged, in substance: That appellee brought an action in the

1. Whiting City Court for services rendered and goods and merchandise furnished to appellants; that appellants appeared in said action and put in their defense; that, after a trial, the court found for the appellants herein; that appellee herein then prayed an appeal to the Lake Superior Court; that appellee herein subsequently took default judgment; that said default judgment was taken against appellants herein through the mistake, inadvertence and excusable neglect of said appellants, in this, to wit: That both appellants were ignorant and unable to speak, write or understand the English language, and were unfamiliar with the rules of procedure in court; that, at that time, Anna Bedron, one of the appellants, was sick and unable to appear in court; that after the trial, Anthony A. Kowalski, their attorney, informed appellants herein that the Whiting City Court had found in their favor, and appellants believed the judgment of said court to be final; that the attorneys representing the appellee had promised to inform the appellants' attorney, and the appellee himself had promised to inform the appellants herein in

case any further action should be taken in the case; that appellants herein never received any notification of any further action in the case; that, contrary to the promises of appellee and his attorneys, the case was thereafter tried, unknown to the appellants herein, one of whom was working and the other sick, and judgment by default was taken against them; that although appellee's cause of action was for services rendered and for goods and merchandise furnished them, the appellee, in truth, never furnished appellants any goods or rendered them any services, but that if any services were rendered or any goods furnished to anyone it was to Anthony Bedron, brother of Mike Bedron; that they would have proved the same had they not been misled by the promises of appellee and his attorneys and thus prevented from appearing at the trial; that appellants now tender a full answer to the original complaint, and petition the court to set aside the judgment and permit them to appear and file said answer and submit their defenses.

The second paragraph of said amended complaint alleged, in substance:   That there was error in law in the proceedings and judgment in the Lake Superior Court, in which appellee herein took default judgment, in this, to-wit:   Said court did not have jurisdiction of the subject-matter of said proceedings for the reason that the record showed that jurisdiction of appellants herein by the Lake Superior Court was attempted to be obtained by an appeal from the Whiting City Court before the transcript of proceedings from the Whiting City Court was filed in said Lake Superior Court, and that a judgment by default was rendered against appellants herein contrary to §1947 Burns 1926, §1793 Burns 1914, and other laws governing the perfection of appeals; that appellants herein have filed a certified copy of the entry docket and the judgment entered in said cause and

made it a part of their complaint, and pray the court that said judgment be reversed and declared null and void.

Appellee's motion to strike out parts of said complaint was overruled, whereupon he filed a demurrer to each paragraph of said amended complaint. The demurrer was sustained, appellants excepted and elected not to plead further, and judgment was rendered for appellee.

The errors relied upon for reversal are: (1) The sustaining of appellee's demurrer to appellants' first paragraph of amended complaint; (2) the sustaining of appellee's demurrer to appellants' second paragraph of amended complaint; (3) the Lake Superior Court has no jurisdiction of the subject-matter of the action in the case of an appeal from the judgment of a justice or judge of the Whiting City Court, unless the judge of the Whiting City Court makes out, certifies and files in the clerk's office of the court to which appeal is taken, a complete transcript of all proceedings had before him.

The court did not err in sustaining the demurrer to the first paragraph of amended complaint. Appellants did not allege in said first paragraph that appellee's attorneys did not notify appellants' attorney of said appeal, and from anything that we may gather from this paragraph of the amended complaint, appellee's attorneys may have notified the attorney for appellants according to the alleged promise.

The second paragraph of amended complaint alleges that the Lake Superior Court had no jurisdiction over the subject-matter involved, for the alleged reason that no transcript of the Whiting City Court had been filed in the office of the clerk of the Lake Superior Court at the time the default judgment was rendered.

The right and mode of appeal in this state are governed by statute. Section 11013 Burns 1926, govern-

ing appeals from city courts, provides as follows: "Appeals may be taken from the judgment of such court to the circuit or criminal court of the county and in the same manner as provided by law for appeals from justices of the peace."

After the filing of an appeal bond as provided in §1945 Burns 1926, then §§1946, 1947 Burns 1926, provide, respectively, as follows:

"On the filing of such bond, the justice shall make out and certify a complete transcript of all the proceedings had before him; and transmit the same, together with such bond and all other papers in the cause, to the clerk of the circuit court to which the appeal is taken, within twenty days thereafter; or, failing so to do, shall forfeit all his costs in the case. But no such appeal shall be dismissed for such failure of the justice, nor for the insufficiency of the bond, if the appellant will file a sufficient bond, to the acceptance of the circuit court.

"Such cause shall stand for trial in the circuit court whenever such transcript has been filed ten days before the first day of the term thereof, and be there tried under the same rules and regulations prescribed for trials before justices; and amendments of the pleadings may be made on such terms, as to costs and continuances, as the court may order."

In the case of *Brown* v. *Modisett* (1834), 3 Blackf. (Ind.) 381, wherein an appeal was taken from a justice court to the circuit court, the court held the cir-

2. cuit court has no jurisdiction in the case of an appeal from a judgment of a justice unless the transcript be filed in the clerk's office of the court to which appeal is taken. We hold that the second paragraph of amended complaint stated a cause of action, and that the court erred in sustaining the demurrer thereto.

The judgment is reversed, with instructions to the court below to grant a new trial.

McMahan, J., not participating.