BEDRON ET UX. *v.* BARAN.

[No. 13,536. Filed January 29, 1930.]

656

*Dominic P. Sevald* and *Mariann K. Sevald,* for appellants.

*John H. Fetterhoff, Oscar A. Ahlgren* and *Dewey Kelley,* for appellee.

NEAL, P. J.—Appellee, plaintiff below, by his motion to amend and correct the record in the Lake Superior Court alleged, in substance, that: On May 31, 1923, the Hon. T. Joseph Sullivan, judge of the city court of Whiting, filed, or caused to be filed, with the clerk in the clerk's office of the Lake Superior Court an appeal bond and a transcript of all the proceedings had in the case of *Andrew Baran (appellee herein)* v. *Mike Bedron and Anna Bedron (appellants herein)*; that, at the time the transcript was so filed in the clerk's office, the same became misplaced among other papers in the office, and the clerk thereupon made the following entry: "Name of action: Account, When filed 5-31-23; Remarks: No transcript filed. Appeal bond filed"; that, subsequent to the making of the above entry by the clerk, and on the same day, the transcript was found by the clerk among other papers, and the clerk immediately made a memorandum, notation and entry on the back of the transcript as follows, to wit: "Filed May 31, 1923"; however, the clerk failed and neglected to change the entry theretofore made as above set forth, so as to make the record speak the truth; that the transcript was thereupon placed in the proper files by the clerk and ever since has been continuously, and is at the present time, on file with the clerk in the clerk's office and under his care, custody and control; that on July 6, 1923, petitioner (appellee) recovered judgment against Mike Bedron and Anna Bedron in said cause; that thereafter, the said

Mike Bedron and Anna Bedron, his wife (appellants), on May 1, 1925, filed in the Lake Superior Court their complaint against the petitioner (Andrew Baran) to set aside, annul and review said judgment so rendered against them, for the alleged reason that the record disclosed that no transcript of the proceedings in the city court of the city of Whiting was filed in the Lake Superior Court prior to the rendition of the judgment against them; prayer that the court enter an order directing the amendment and correction of the entry docket in the following particulars to wit: That the entry "No transcript filed," be amended and corrected to read "Transcript filed."

The appellants filed a motion to strike out appellee's motion to amend and correct the record, which was overruled and exceptions granted. The court thereupon heard evidence and ordered the record amended to read "Transcript filed," to which ruling and order appellants separately and severally excepted.

Appellants assign the following errors: (1) The Lake Superior Court erred in overruling appellants' motion to strike out appellee's motion to amend and correct the record; (2) the court erred in granting appellee's motion to amend and correct the record; (3) the court was without jurisdiction over the subject-matter of this action, because the Appellate Court of Indiana has heretofore adjudicated the subject-matter pertaining to this cause, in *Bedron* v. *Baran* (1927), 85 Ind. App. 649, 155 N. E. 611; (4) the decision is contrary to law; (5) the court erred in overruling appellant's objections to the introduction of parol evidence to contradict a written entry in the court docket of the Lake Superior Court, a court of record.

Appellants rely upon three propositions to sustain their appeal. The first two propositions encompass the first four errors assigned.

The substance of each proposition may be stated as follows: That the appellants, by their amended complaint in two paragraphs, sought to set aside a judgment heretofore rendered against them in the Lake Superior Court and in favor of appellees; that a demurrer was addressed to each paragraph of the amended complaint and each demurrer sustained; that appellants elected not to plead further and appealed to this court; that the Appellate Court, in the cause entitled *Bedron* v. *Baran, supra,* sustained the ruling of the lower court on the demurrer to the first paragraph of amended complaint but reversed as to the ruling on the second paragraph of amended complaint; that said second paragraph alleged that the Lake Superior Court had no jurisdiction over the subject-matter involved, for the alleged reason that no transcript of the Whiting City Court had been filed in the office of the clerk of the Lake Superior Court at the time the default judgment was rendered; that, consequently, the matter of jurisdiction of the Lake Superior Court over the cause has been adjudicated and that the Lake Superior Court was without authority to amend and correct the record, the condition of the record being the same.

The Appellate Court, in *Bedron* v. *Baran, supra,* decided that the second paragraph of appellants' complaint stated a cause of action, reversed the judgment of the lower court as to its ruling on the demurrer to said paragraph and granted appellants a new trial. There was no trial on the merits nor an adjudication that the transcript was not in fact filed.

A judgment on overruling a demurrer is not a bar to another action, when the case was not disposed of on its merits. In the case of *Campbell* v. *Hunt* (1885), 104 Ind. 210, 2 N. E. 363, the court said: "It is only where the matter in issue has been actually or presumptively determined, that the judgment is a

bar to another action." The Appellate Court did not by its decision in *Bedron* v. *Baran, supra,* establish the facts stated in appellants' second paragraph of amended complaint.

In the case of *Clodfelter* v. *Hulett* (1880), 72 Ind. 137, the appellees had commenced a suit against appellants to recover upon a joint promissory note executed by them. The appellants answered in several paragraphs, to the third of which a demurrer was sustained by the trial court. The Supreme Court reversed the judgment with instructions to overrule the demurrer to the third paragraph of answer. On a retrial of the case, appellants, by their sixth paragraph of answer, pleaded former adjudication; that the judgment was rendered in the circuit court and thereafter appealed to the Supreme Court; and that the judgment of the circuit court was in all things reversed. The appellees demurred to the sixth paragraph of answer, which demurrer was sustained. In *Clodfelter* v. *Hulett* (1884), 92 Ind. 426, the Supreme Court, in passing on the alleged error in sustaining the demurrer to said answer, said: "The merits of the case were by no means adjudged in the Supreme Court; the judgment of the court below was reversed for error in pleading, and the cause was remanded to the court below with instructions in relation to the pleadings. . . . Of course, as to the merits, the cause went back to the court below for a new trial, and was to be tried *de novo* upon its merits the same as though no judgment had ever been rendered in the case."

It certainly is not the law that the appellate court, in reversing the action of the lower court in sustaining a demurrer to a complaint or answer establishes the sufficiency of the averments contained therein.

A decision that a complaint states a cause of action is an adjudication that plaintiff would be entitled to recover, if he proves the material facts therein stated.

See *Bixler* v. *Summerfield* (1904), 210 Ill. 66, 70 N. E. 1059; *Legault* v. *Malacker* (1917), 166 Wis. 58, 163 N. W. 476, 1 A. L. R. 1109; *Smith* v. *Neufeld* (1901), 61 Nebr. 699, 85 N. W. 898. This court did not, by its decision in the former appeal, establish either the truth or falsity of the averment in appellants' second amended paragraph "that the transcript was not on file." (See *Spicer* v. *United States* [1869], 5 Ct. Cl. [U. S.] 34.)

The allegations of appellee's motion are fully supported by the evidence. Did the court err in ordering the entry made by the clerk corrected so as to speak the truth? We call attention to the several sections of our statutes in relation to appeals from the justice of the peace in civil cases, which apply to appeals from the city court, and the duties of the clerk of the court. Section 1945 Burns 1926 provides that the appellant, in taking an appeal from a justice of the peace, shall file with the justice a bond with security to be approved by the justice. Section 1946 is to the effect that, when the appellant files a bond, "the justice shall make out and certify a complete transcript of all the proceedings had before him; and transmit the same, together with such bond and all other papers in the cause, to the clerk of the circuit court to which the appeal is taken." Section 1947 says, in substance, such cause shall stand for trial in the circuit court whenever such transcript has been filed 10 days before the first day of the term of the court. Section 430 directs that the clerk shall keep an entry docket wherein he shall enter all actions in the order in which they are brought, and the date of issuing the process and the date of the judgment. Section 11845 reads, in part: "Such clerk shall indorse, under his hand, on all writings required to be filed in his office, the time of filing thereof; carefully preserve in such office all records and writings appertaining to his official duties."

We observe from the several sections of the statutes

that, in taking an appeal from a justice of the peace in civil actions, it is not necessary that the transcript of the proceedings or the bond be filed in open court; that, when the transcript is filed, it is the duty of the clerk of the court to docket the cause and make such entries on the entry docket as provided by the statutes. When the clerk performs his duty and makes the necessary entries on the entry docket in an appeal from a justice of the peace, he performs a ministerial act required by law. Such an act on the part of the clerk is to be distinguished from his duties as provided by §1397, which reads as follows: "It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length in the proper order-book of said court, and the judge of said court shall cause the same to be publicly read in open court, after which they shall be signed by the judge." Thus the acts and proceedings of the court, as distinguished from the ministerial acts of the clerk, are "enrolled on a parchment for a perpetual memorial and testimony." In the first instance, we have a record made by the clerk; in the second, the court's proceedings enrolled on the books by the hand of the clerk—the court's record of judicial acts.

The appellant and appellee have each taken the theory in briefing the case that the court in this case was amending its own record. In our judgment, the proceeding is an application to the court to direct the clerk to correctly perform a ministerial act relative to a proceeding in court which the law required him to perform.

The clerk of the court is a constitutional officer; he is elected by the people. The statutes of this state define many of his duties in relation to the proper transaction of the business of the court. All records made by the clerk, however, when they appertain to the court's business, whether ministerial or

enrolling the proceedings, judgments and decrees of the court, must necessarily be under the supervision and control of the court. Judge Field, in the case of *Houston* v. *Williams* (1859), 13 Cal. 24, 73 Am. Dec. 565, succinctly states the inherent power of the court in relation to the records of the court as follows: "The records of the courts are necessarily subject to the control of the judges, so far as may be essential to the proper administration of justice. . . . The clerk, it is true, is a constitutional officer—not subject to appointment or removal by the court—but subject, in the control of the records, to its orders. It is true, the court cannot, without great abuse of its powers, take, directly or indirectly, from the clerk, the prerequisites of his office for copies of opinions, and papers on file, nor authorize the destruction or mutilation of any of the records, but, subject to these limitations, it must necessarily exercise control, that justice may be done to litigants before it."

In 23 R. C. L. 166, the following may be found: "Every court of record has a supervisory and protecting charge over its records and the papers belonging to its files, and may at any time direct the correction of clerical errors, or the substitution of papers in case the originals are purloined or lost; and in the exercise of the same authority in case the record or files should be fraudulently or otherwise improperly altered or defaced may direct their correction and restoration to their original condition. The court may likewise amend the record in any manner necessary to make it speak the truth."

The evidence discloses that the transcript of all the proceedings had in the city court of Whiting, together with the bond, were filed with the clerk of the court as provided by law and remained continuously on file in the clerk's office. A written notation was made of the filing of the transcript on the instrument itself by the clerk. Certainly it was within

the power of the court, on proper application, under the facts in this case, to direct and order the clerk's record recorded on the entry docket corrected to speak the truth. In the case of *State Bank, etc.,* v. *Young* (1850), 2 Ind. 171, 52 Am. Dec. 501, the court said: "The pleas were on file among the papers in the cause, but the clerk had omitted to make an entry of their being filed. The court of law, surely, could have that misprision amended at any time when proper application was made." See *Security Company, etc.,* v. *Arbuckle* (1890), 123 Ind. 518, 24 N. E. 329; *Sheip & Co.* v. *Price, Page & Co.* (1896), 3 Pa. Super. Ct. 1.

Parol evidence was competent under the facts of this case. We conclude the court did not err.

Judgment affirmed.