## ENGLAND v. DANA CORPORATION

[No. 469A70. Filed June 22, 1970. Rehearing denied September 9, 1970. Transfer denied January 5, 1971.]

*David W. Dennis, Donald D. Bussell, Dennis, Dennis, Reinke & Vertesch,* of counsel, of Richmond, *Tony Foster, Bingham, Summers, Welsh & Spilman,* of counsel, of Indianapolis, for appellant.

*James J. Stewart, Terence L. Eads, Stewart, Irwin, Gilliom, Fuller & Meyer,* of counsel, of Indianapolis, for appellee.

CARSON, J.—Plaintiff-appellant, Margaret England, filed this action in the Wayne Circuit Court on October 4, 1967. By the allegations of her complaint, she sought to recover from defendant-appellee, Dana Corporation, damages for loss of consortium, support and services occasioned by the injury of her husband who was injured while within the scope of his employment with Dana Corporation. Dana filed a demurrer to the complaint for want of facts. The court sustained the demurrer and, upon appellant's refusal to plead over, entered judgment for Dana.

Said judgment was entered of record in the Wayne Circuit Court on February 14, 1969. Pursuant to prior Supreme

Court Rule 2-14, plaintiff-appellant filed her appeal in this court on April 21, 1969. The sole assignment of error asserted upon appeal is the sustaining of appellee's demurrer. Although phrased differently by counsel, it is agreed that only two issues confront this court upon appeal. Those issues may be summarized as follows:

1. Does a wife have the right in Indiana to recover loss of consortium from a third party whose tortious acts occasioned injury to her husband; and,

2. Does the "exclusive remedy" provision of the Indiana Workmen's Compensation Act of 1929[1] bar the wife's recovery, where the husband sustained the alleged injury during the course of his employment with said third party?

On January 20, 1970, appellee-Dana Corporation filed in this court a motion to dismiss the appeal or, in the alternative, to affirm the judgment of the Wayne Circuit Court. The basis of appellee's motion to dismiss the appeal in this court is that a decision rendered by the United States District Court for the Southern District of Indiana on September 5, 1968, and later affirmed by the Seventh Circuit Court of Appeals, constitutes a prior adjudication of appellant's cause of action herein and is a bar to any further proceedings by this court on appeal.

Appellee alleges in its motion to dismiss that during the pendency of this action in the Wayne Circuit Court, an action involving the same parties and the same issues was pending in the United States District Court for the Southern District of Indiana as Cause No. I.P. 67 C 422. It is further alleged by appellee that on September 5, 1968, by a memorandum decision, the District Court dismissed the action therein pending pursuant to Dana's motion. The basis of the District Court's dismissal was that Mrs. England's complaint failed to state a claim upon which relief could be granted. Fed. R. Civ. P., Rule 12(b) (6).

---

1. Acts 1929, ch. 272, § 6, p. 536, Ind. Stats. Ann., § 40-1206, Burns' 1965 Repl.

It is also alleged that on September 27, 1968, Mrs. England filed notice of appeal with the District Court and that on January 14, 1970, the Seventh Circuit Court of Appeals affirmed the entry of dismissal made by the District Court. Pursuant to order of this court, appellee has filed herein certified copies of the pertinent proceedings in the Federal Courts.

Appellee-Dana herein contends in support of its motion to dismiss this appeal, that the dismissal granted by the United States District Court, and later affirmed by the Seventh Circuit Court of Appeals, was a complete adjudication of the issues involved in this appeal and, that under the theory of *res judicata*, a bar to any further proceedings in this court. As stated by the Supreme Court of Indiana in *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754, a plea of prior adjudication is valid if supported by the concurrence of the following:[2]

1. A judgment rendered on the merits;
2. By a court of competent jurisdiction;
3. Identity of parties; and
4. Identity of subject matter.

A prior adjudication which meets the above tests constitutes a bar to a subsequent action upon the same subject matter between the same parties. *Burrell* v. *Jean, supra.* Likewise, where the judgment sought is strictly *in personam*, as it is here, the Wayne Circuit Court and the Federal District Court had concurrent jurisdiction of plaintiff-appellant's claim. Each court was entitled to proceed with the litigation until judgment was obtained in one of them, which judgment could be set up as a bar to further proceedings in the other, under the theory of *res judicata.* *Princess Lida of Thurn and Taxis et al.* v. *Thompson et al.,*

2. See also: *Johnson et al.* v. *Knudson-Mercer Company* (1906), 167 Ind. 429, 79 N.E. 367; cited by this court in *American National Bank and Trust Co.* v. *Hines* (1968), 143 Ind. App. 217, 239 N. E. 2d 589, at 592, 15 Ind. Dec. 194. (Transfer denied.)

*Trustees,* 59 S. Ct. 275, 305 U.S. 456, 83 L. Ed. 285 (1938).[3] Provided, the decision of the District Court, herein, dated September 5, 1968, fulfills the above-listed requirements, it was a bar to any further proceedings in this cause in the Wayne Circuit Court and *ipso facto,* the judgment of the Wayne Circuit Court, dated February 14, 1969, was a nullity and this appeal should be dismissed.

## DISTRICT COURT DECISION A FINAL JUDGMENT UPON THE MERITS.

Requisite to a valid plea of *res judicata* is that the prior adjudication must have been a final judgment upon the merits. *Campbell* v. *Hunt* (1885), 104 Ind. 210, 2 N. E. 363; ■ *Ebenezer Old People's Home* v. *Bernnard* (1935), 100 Ind. App. 636, 196 N. E. 129; *Bedron v. Baran* (1930), 90 Ind. App. 655, 169 N. E. 695. Under the Federal System, the filing of a motion to dismiss for failure to state a claim[4] serves to raise a matter in bar and if the motion is sustained without leave to amend, the judgment subsequently rendered is upon the merits. *Mullen* v. *Fitz Simons & Connell Dredge & Dock Co.* (C.C.A., 7th, 1948), 172 F. 2d 601.[5] As provided by Federal Rule 15 (a), a party may, in the Federal Courts, amend his pleading once as a matter of course at any time before a responsive pleading is served. However, where a motion to dismiss is directed to the complaint for failure to state a claim and the motion is sustained, unless otherwise specified in the order of dismissal, such order constitutes a final adjudication upon the merits of the claim.[6]

---

3. See also: *Sandlin* v. *Gragg* (C.C.A., 10th, 1943), 133 F. 2d 114; *Kelly* v. *Harris* (D.C.D. Mont., 1958), 158 F. Supp. 243; and, generally, 50 C.J.S. Judgments, §§ 899 et seq.
4. Federal Rules of Civil Procedure, Rule 12(b) (6).
5. Cited in Harvey, *Indiana Practice,* Vol. 1, p. 606. In his treatise, Professor Willian F. Harvey provides an excellent treatment of Rule 12 (B) (6) of the Indiana Rules of Procedure, which is taken verbatum from Federal Rule 12(b) (6).
6. Federal Rules of Civil Procedure, Rule 41(b), so provides:
"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for

Following the sustaining of a motion to dismiss the complaint under Federal Rule 12(b) (6), the plaintiff may amend the complaint pursuant to the provisions of Federal Rule 15, or elect to stand upon the complaint and to appeal from the order of dismissal. *Asher* v. *Ruppa* (C.C.A., 7th, 1949), 173 F. 2d 10. Following the order of dismissal in the Federal Court, Mrs. England chose the latter alternative and filed a notice of appeal with the District Court on September 27, 1968. Upon exercising that election, the order of dismissal in the Federal Court became a final appealable order and an adjudication upon the merits.[7] *Asher* v. *Ruppa, supra.* We conclude that the order of dismissal entered by the Federal District Court on September 5, 1968, was, by virtue of Mrs. England's election to appeal therefrom, a final appealable adjudication upon the merits of her claim.

## JURISDICTION OF THE FEDERAL DISTRICT COURT.

It is incumbent upon appellee-Dana, who seeks to have this appeal dismissed by virtue of a prior adjudication, to sustain the *ultimate burden* of establishing competent jurisdiction of the Federal District Court. *Watt* v. *Barnes* (1908), 41 Ind. App. 466, 84 N. E. 158. However, appellee is aided by a presumption that the Federal District Court held competent jurisdiction. *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15, 64 N. E. 525; *Sims* v. *Gay et al.* (1886), 109 Ind. 501, 9 N. E. 120.

Appellant has taken no action to rebut the presumption of jurisdiction in the Federal District Court and we must conclude that said court did have competent jurisdiction to render a binding decision.[8]

---

improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

7. We note that practitioners should familiarize themselves with the interplay of Rules 12 (B) (6), 15 and 41 (B) of the Indiana Rules of Procedure as the same are taken from their counterparts in the Federal Rules of Procedure.

8. Had appellant filed a reply, contesting jurisdiction of the District

IDENTITY OF PARTIES AND SUBJECT MATTER.

The parties to the suit filed in the Wayne Circuit Court, Margaret England, plaintiff, and Dana Corporation, defendant, are, without question, identical and assume the same capacity they occupied in the Federal District Court action. The material issues in each suit were identical. The Indiana Supreme Court in *Burrell* v. *Jean* (1925), 196 Ind. 187, at 202, 146 N. E. 754, at 759, stated:

> "A judgment, if rendered on the merits in a court of competent jurisdiction, will constitute a bar to a subsequent action between the same parties in interest, if it affirmatively appears that the present matters in issue were in the former case put in issue and tried, or might, within the issues framed, have been completely adjudicated." (Citing authorities.)

As the material issues presented in appellant's complaint filed in the Federal District Court were identical with those material issues presented to the Wayne Circuit Court, the decision of the Federal District Court constituted a bar to any further proceedings tending toward a disposition of those issues in the Wayne Circuit Court. Therefore, the order of the Wayne Circuit Court purporting to sustain defendant-appellee's demurrer and the entry of judgment thereon by the Wayne Circuit Court, which was subsequent to the order of dismissal and notice of appeal entered in the Federal District Court, was a nullity and of no effect.

It should be noted that the basis of dismissal by the Federal District Court, as stated in its memorandum opinion, was that the law of Indiana does not permit recovery by a wife for loss of consortium. While the District court decision was pending appeal in the Seventh Circuit, the Indiana Supreme Court, on December 9, 1969, decided in *Troue* v. *Marker* (1969), 253 Ind. 279, 252 N. E. 2d 800,

---

Court, she would have found herself in the rather tenuous position of having invoked that court's jurisdiction and, upon an unfavorable disposition of her claim, contesting that very jurisdiction which she had invoked.

19 Ind. Dec. 592, that a wife does have a cause of action for loss of consortium in Indiana. The Seventh Circuit Court of Appeals then, in its decision of *Margaret England* v. *Dana Corporation* (1970), — F. 2d —, on January 14, 1970, recognized the change in Indiana law occasioned by the decision in *Troue* v. *Marker, supra,* but affirmed the decision of the District Court on the basis of this court's decision in *Stainbrook* v. *Johnson Co. F. Bur., etc., et al.* (1955), 125 Ind. App. 487, 122 N. E. 2d 884, thus holding that the "exclusive remedy" provision of the Indiana Workmen's Compensation Act precludes recovery by Margaret England in her action for loss of consortium, services and support. It is immaterial that the ground for dismissal stated by the Federal District Court in its memorandum opinion was not the basis for affirming that dismissal in the Seventh Circuit Court of Appeals.[9]

For the foregoing reasons, we hold that the Federal District Court's order of dismissal in Cause No. I.P. 67 C 442 constituted a prior adjudication of the relative rights in the suit instituted by Margaret England against Dana Corporation and that said decision constituted a bar to any further proceedings by the Wayne Circuit Court in the identical suit pending therein. Therefore, the purported judgment of the Wayne Circuit Court, thereafter entered, was in law a nullity and this appeal taken therefrom should be dismissed.

Appellee's motion to dismiss is sustained and appellee's alternative motion to affirm is overruled.

Appeal dismissed. Costs taxed against appellant.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 259 N. E. 2d 433.

---

9. We hold that it is immaterial because the judgment of the Federal District Court was upon the merits and it was that *judgment* which was affimed by the Circuit Court of Appeals. In considering a plea of *res judicata* it is the *judgment* which is controlling and not the basis thereof.