Larry D. JONES and Sandra L. Jones, Appellants (Plaintiffs Below),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Appellee (Defendant Below).

No. 2–284–A–62.

Court of Appeals of Indiana, Second District.

Feb. 27, 1986.

Rehearing Denied April 4, 1986.

Charles S. Gleason, Gleason, Hay & Gleason, Indianapolis, for appellants (plaintiffs below).

William M. Osborn, Thomas Todd Reynolds, Osborn & Hiner, Indianapolis, for appellee (defendant below).

SULLIVAN, Judge.

Larry D. and Sandra L. Jones appeal from summary judgment in favor of American Family Mutual Insurance Company. The controversy concerned a fire loss which the Joneses claimed was covered by American Family.

We affirm.

## I

## FACTUAL BACKGROUND

The Joneses, who were building a house in Bargersville, sought extra funds to complete their home. Their lending institution, however, refused to lend to them until they had first obtained insurance.

On December 10, 1981, the Joneses met with W. Danny Brown, an agent of American Family Insurance Company, discussed fire insurance, and filled out an application. Mr. Jones wrote a $140 check to American Family as partial payment of the premium. Brown extended thirty days' credit for the remainder, orally bound coverage pursuant to the insurance policy, and informed the Joneses' lender of the transaction.

On December 12, 1981, the day after Brown deposited the Joneses' check, the lending institution disapproved the loan. On December 14, Mrs. Jones phoned Brown and informed him that the Joneses wished to cancel their coverage and moreover that their check was going to bounce. Brown then called American Family's underwriter and withdrew the Joneses' application, receiving it the next day, December 15, 1981.

The afternoon of the 15th, the Joneses' house was damaged by fire. Brown was instructed by American Family's underwriter to issue a cancellation notice effective as of his December 14th conversation with Mrs. Jones.[1] As foretold, on December 24th, the Joneses' check was returned for insufficient funds. Finally, on March 18, 1982, the Joneses filed a Proof of Loss with American Family, claiming damages of $79,484.69.

## II

## PROCEDURAL BACKGROUND

A. *Federal District Court.* On May 14, 1982, following the events summarized,

---

**1.** The Joneses contend that by backdating the cancellation notice as per American Family's instructions, agent Brown betrayed his belief that the Joneses' loss was in fact covered.

American Family filed a federal diversity action in the Southern District of Indiana, seeking a declaratory judgment that *inter alia* the Joneses' coverage was ineffective, cancelled or rescinded.

On March 11, 1983, the District Court granted a summary judgment on behalf of American Family. The Memorandum Entry accompanying its order indicates that the District Court reached the merits of the case:

> "Many facts are undisputed. W. Danny Brown, plaintiff's agent, orally accepted a homeowners insurance application from the defendants on December 10, 1981. Partial premium payment was made by check; credit was extended for the balance.
>
> The application provided in part:
> INSURING AGREEMENT
> *We* will provide the insurance described in this policy in return for *your* premium payment and compliance with policy provisions (American Family Mutual Insurance Company Homeowners Policy at 1.)
> GENERAL CONDITIONS
> 1. Policy period—Renewal of Coverage ..... This policy may be continued for successive periods by payment of the required premium on or before the effective date of each renewal period. If the premium is not paid when due, this policy expires ... (Id. at 11.)
> Fire destroyed the Jones' residence on the 15th day of December. Their check was returned for insufficient funds.

> *Premium Payment is Essential to the Existence of a Valid Insurance Contract.*

> Payment of premiums is generally prerequisite to the existence of insurance coverage:
>
> 'The mere giving or sending of a worthless check to the insurer does not

effect the payment of a premium; the result being, if that coverage never goes into effect; and if given for a subsequent premium, that the coverage is not thereby prevented from lapsing. In order for a worthless check to constitute a valid payment, it must have been unconditionally accepted as such by the insurer.' 14 Appleman, INSURANCE LAW AND PRACTICE, § 8144, page 523.

> Indiana courts concur:
> ' "Payment of a premium is of the essence of insurance contracts", 14 J. Appleman, INSURANCE LAWS [sic] AND PRACTICE, § 7832, (1944) and most, if not all, insureds know that if they fail to pay the premiums, they are no longer insured.' *Hargis v. United Farm Bureau Mutual Insurance Co.,* 180 Ind.App. 432, 388 N.E.2d 1175, 1179 (1979).

> The contract required payment before the coverage became effective, and accordingly, no coverage existed." Record at 335–337.

B. *State Court.* On May 14, 1982, the same day that American Family brought suit in federal court, the Joneses filed suit in the Johnson County Circuit Court,[2] naming American Family and its agent, Danny Brown, as defendants. The Joneses alleged that American Family breached its insurance contract, and that certain conduct on behalf of American Family and Brown was outrageous, beyond the policy's scope, and designed to harass and intimidate the Joneses.[3]

On May 20, 1983, American Family filed a motion for summary judgment contending that the District Court's March 11, 1983 decision operated as *res judicata* or estoppel by judgment. The Marion County Superior Court's granting of American Family's motion on November 11, 1983, is the subject of this appeal.

---

**2.** The case was subsequently transferred to the Marion County Superior Court.

**3.** Specifically, the Joneses alleged that agent Brown and American Family failed to investi-

gate promptly the Joneses' claim, allowed an investigator to trespass upon the Joneses' premises without their consent, and refused to cooperate in various pre-trial discovery procedures.

C. *Federal Court of Appeals.* On July 25, 1984, the Seventh Circuit Court of Appeals affirmed the District Court's judgment in favor of American Family. Although the Seventh Circuit's decision was not before the Marion County Superior Court at the time it granted American Family's summary judgment motion and is not, therefore, in the record of proceedings before us, the Court of Appeals' opinion is published at *American Family Mutual Insurance Co. v. Jones* (7th Cir.1984) 739 F.2d 1259. (Reprinted in Appellee's Brief, Appendix)

While acknowledging the District Court's view that "if a check is tendered in payment of an initial premium and is returned to the insured marked 'not sufficient funds,' the coverage is never effective (citation omitted)," the Seventh Circuit held:

"The analysis overlooks the rule that a check may be taken in absolute satisfaction of a premium claim. ... [C]ourts generally recognize that in appropriate circumstances, coverage becomes binding upon acceptance of the check. If the check is subsequently dishonored, the insurer may not then treat coverage as having been forfeited, but is relegated to an action on the instrument. (Citations omitted.)

Having recognized this rule, we hesitate to hold that the issue of whether the Joneses were covered turns on the integrity of their check. No one disputes that when Brown took their check and accepted their promise to pay the balance of the premium in thirty days, he orally bound coverage and told the Joneses' creditor that they were covered....

We need not decide whether an Indiana court would regard Brown's representations as rising to the level of an unconditioned receipt, because we are satisfied that even if the Joneses were covered, that coverage was cancelled when Sandra Jones telephoned Brown to tell him that the check would bounce.

Under Indiana law, once a valid contract of insurance is created, the parties may cancel the contract by mutual agreement, and an agreement to cancel may be demonstrated by the parties' respective acts. *Cook v. Michigan Mutual Liability Company,* 154 Ind.App. 346, 289 N.E.2d 754 (1972). In the present case, we recognize that the parties dispute precisely what was said during Sandra Jones' conversation with Brown, although the parties agree that Mrs. Jones told Brown that the check would bounce, that Brown advised against cancellation, and that Brown concluded the conversation by saying that ... 'if that's what they wanted, I'd do it ...' Whatever doubts one might entertain about the parties' intentions are removed by the fact that Brown thereupon telephoned the American Family underwriter to have the application withdrawn and sent back to him. One can only conclude that the parties contemplated that any coverage be cancelled, and the cancellation was effective as soon as the telephone conversation between Brown and Mrs. Jones ended. (Citation omitted.) Therefore no coverage existed at the time of the fire." 739 F.2d at 1263, 1264.

## III

### RES JUDICATA

Inasmuch as American Family's summary judgment motion was predicated upon the District Court's previous decision in favor of American Family, we begin our analysis with a discussion of the *res judicata* implications of the federal decision. The Joneses state in their Reply Brief:[4]

"Appellant can find no basis for an Indiana Trial Judge sitting in a simultaneously filed suit granting summary judgment solely upon the basis of a Federal Trial Court interpretation of Indiana law; especially when that holding is clearly not

---

**4.** American Family's motion to strike certain issues addressed in the Joneses' Reply Brief is denied. While certain arguments in Appellants' Reply Brief may be somewhat tangential to those raised in Appellants' Brief, we feel they are sufficiently relevant to warrant our consideration.

in accord with Indiana law." Appellants' Reply Brief at 7.

In an effort to support this dubious proposition with some authority, the Joneses quote *Indiana Insurance Co. v. Williams* (1983) 3d Dist. Ind.App., 448 N.E.2d 1233, 1236, which stated, "It is axiomatic that a federal court's interpretation of Indiana law is not binding on this Court," and *Clipp v. Weaver* (1982) 4th Dist. Ind.App., 439 N.E.2d 1189, 1191, which noted, "A federal court's decision, however, is not binding on a state court when deciding a matter under state law. It is merely persuasive authority."[5]

■ Needless to say, the Joneses' application of the preceding authorities to this case is unwarranted. In both *Williams* and *Clipp* the issue before the Indiana Court of Appeals was the precedential weight to be accorded prior federal decisions which had construed Indiana law. Neither state appellate court was confronted with a previous federal decision adjudicating the rights of the very same parties arising from the very same incident. The Joneses confuse *stare decisis* with *res judicata*. While it may be true that a federal opinion is merely persuasive (as opposed to binding) precedent in similar, subsequent cases involving interpretation and application of state law, it is also true that when a federal court is one of competent jurisdiction and where there is identity of subject matter and parties, a federal decision on the merits is *res judicata* and may not be circumvented or undermined by a later state court judgment. *England v. Dana Corp.* (1970) 147 Ind.App. 279, 259 N.E.2d 433.

■ The Joneses also assert in their Reply Brief that "[r]es judicata applies to subsequent litigation and can not [sic] form the basis for Summary Judgment in an earlier filed or simultaneously filed case." (Appellants' Reply Brief at 2) The Joneses

have no support for this equally meritless position. Indeed, it is elementary that the sequence of judgments, not the sequence of filings, determines which of two cases will act as *res judicata* for the other. As stated in 46 Am.Jur.2d Judgments § 471 (2d Ed.1969):

"The ordinary instance in which the doctrine of res judicata is evoked is in an action brought after rendition of the judgment relied upon. However, this ordinary sequence of time is not a prerequisite to the availability of the doctrine as a defense. The doctrine of *res judicata may be applied where actions between the same parties in relation to the same subject matter are pending at the same time and a judgment is rendered in one of such actions.*" (Emphasis supplied.)

The California Supreme Court in *Domestic and Foreign Petroleum Co. v. Long* (1935) 4 Cal.2d 547, 562, 51 P.2d 73, 80, stated it thusly:

"Where two actions involving the same issue are pending at the same time, it is not the final judgment in the first suit, but the first final judgment, although it may be rendered in the second suit, that renders the issue *res judicata* in the other court. (Citations omitted.)"

*See also Hanson v. Denckla* (1958) 357 U.S. 235, 256, 78 S.Ct. 1228, 1241, 2 L.Ed.2d 1283 (applying *res judicata's* rule of primacy of the *first final judgment*). Thus, where a state and a federal court have concurrent jurisdiction, as in this case, each court may

"proceed with the litigation until a judgment is obtained in one of them, which judgment could be set up as a bar to further proceedings in the other, under the theory of *res judicata*." *England v. Dana Corp., supra,* 259 N.E.2d at 435.

Having determined the applicability of the general principle of *res judicata,* we

---

5. Although Appellants neglected to note in their brief that both *Williams* and *Clipp* were subsequently reversed by the Indiana Supreme Court, *see Williams v. Indiana Insurance Co.* (1984) Ind., 463 N.E.2d 257 and *Clipp v. Weaver* (1983)

Ind., 451 N.E.2d 1092, because the general proposition for which the appellate court decisions were cited remains valid, we deem it appropriate to consider, but distinguish those cases.

now turn to the question of which of its two branches, claim preclusion or issue preclusion, *Biggs v. Marsh* (1983) 3d Dist. Ind. App., 446 N.E.2d 977, 981, is involved in this case.

■ Claim preclusion prevents subsequent adjudication of every question which was within the issues and therefore might have been litigated in the previous action. *Town of Flora v. Indiana Service Corp.* (1944) 222 Ind. 253, 53 N.E.2d 161, 163. The prior adjudication which resulted in a final judgment on the merits " 'acts as a complete bar to a subsequent action on the same claim between the same parties or those in privity with them.' " *Snodgrass v. Baize* (1980) 2d Dist.Ind.App., 405 N.E.2d 48, 51 (*quoting Indiana State Highway Commission v. Speidel* (1979) 2d Dist.Ind. App., 392 N.E.2d 1172, 1174–75).

Issue preclusion, on the other hand,

"applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties." *Town of Flora v. Indiana Service Corp., supra,* 53 N.E.2d at 163.

■ Although agent Brown was not a party in the federal action, there can be little doubt that the subject matter of both actions was identical as concerns American Family and the Joneses.[6] We therefore regard this case to involve claim preclusion.

Despite the obvious identity of subject matter, the Joneses attempt to differentiate the federal and state court proceedings based upon the pleadings:

"Joneses' [state court] claim against American Family is based upon American Family's failure to pay for the loss resulting when Joneses' residence and its contents were severely damaged by fire. (Complaint Tr. p. 2) The U.S. District Court's decision decided only that the specific American Family policy on which it sought declaratory judgment in Federal Court, was not in force at the time Joneses' residence and its contents burned.

\*     \*     \*     \*     \*     \*

The claim decided by the U.S. District Court was limited to whether or not a specific American Family Insurance Policy was in force covering Joneses' residence and contents at the time of the fire. See Complaint filed in U.S. Dist. Ct. ...." Appellants' Brief at 20, 21. Joneses' position is that an oral insurance contract was within the contemplation of the state court lawsuit.

In point of fact, however, the complaint in the District Court included assertions by American Family that Brown "orally bound the coverages." Record at 321. The complaint thus contemplated and the District Court's judgment addressed the more general issue of "coverage," as evidenced by the language of its Memorandum Entry which stated that "no coverage existed" inasmuch as "payment of premiums is ... prerequisite to the existence of insurance coverage." Record at 336. By no means do we read the District Court's memorandum accompanying its order as being limited solely to coverage under a specific policy. While the District Court does quote the specific insurance policy,[7] it appears

---

**6.** We note that whatever uncertainty may have existed in the minds of the parties regarding whether the District Court's summary judgment was partial under Federal Rules of Procedure, Rule 54(b) (because it appeared to ignore the Joneses' counterclaims) should have been eliminated by the Seventh Circuit, which stated,

"[O]ur review of the pleadings compels the conclusion that a judgment in favor of American Family on its complaint effectively disposed of the Joneses' counterclaim. In the memorandum entry of March 11, 1983, the district court held that there was no coverage,

and therefore there would be no basis for an award of compensatory or punitive damages in the Joneses' favor. At oral argument, we understood counsel to agree that the judgment in favor of American Family disposed of the Joneses' claims as a practical matter." 739 F.2d at 1262 n. 1.

**7.** There seems to have been some confusion about the origin of the Joneses' alleged coverage. We acknowledge that the District Court in its memorandum apparently misidentifies the policy as the application, but we fail to see how

clear from the memorandum that regardless of the origin of the alleged coverage, whether via the application, the policy, or agent Brown's oral communications with the Joneses, the coverage issue was litigated and the Joneses' uttering of a worthless check was insufficient to constitute the requisite premium payment for any insurance coverage to have taken effect.[8]

▪ In any case, because we deal with claim preclusion, what specifically was decided by the District Court is beside the point. The question is not what *was* decided, but what *could have been* decided. *Moxley v. Indiana National Bank* (1982) 4th Dist.Ind.App., 443 N.E.2d 374. Otherwise, a party could simultaneously try his case in any number of forums, so long as he carefully limited the issues to be decided by each. This sort of adjudicatory roulette is precluded by *res judicata* because under claim preclusion "a party is not allowed to split a cause of action, pursuing it in piecemeal fashion and subjecting a defendant to needless multiple suits." *Indiana Highway Commission v. Speidel, supra,* 392 N.E.2d at 1175. Thus, the Joneses' protestations that the District Court did not, for instance, address the question of *respondeat superior;* decide the implications of American Family's failure to explicitly cancel any "bound" coverage (as opposed to that coverage provided for in the policy) in its letter to the Joneses two months after the fire; infer coverage at the time of the fire because the cancellation was allegedly backdated; or discuss the ramifications of a possible return of another premium paid by the Joneses on another policy are irrelevant. The Superior Court could not second-guess the District Court's analysis once the latter had entered a final judgment. Furthermore, even if it were clear from the record what issues were consciously addressed by the District Court and even if its decision were founded upon a misconstruction of Indiana law, once that

judgment upon the merits was entered and brought to the attention of our state courts, a judgment between the same parties regarding the same subject matter was foreclosed. The Joneses' remedy thereafter lay within the federal system. Were this not so, the Joneses and American Family might have been confronted with two conflicting decisions, one in a federal court, the other in a state court. It is precisely this dilemma which the principle of *res judicata* avoids.

▪ Finally, the Joneses' appeal to the Seventh Circuit does not alter the *res judicata* effect of the District Court's decision.

> "It is a well-established rule that an appeal from the judgment of the trial court does not have the effect of vacating the judgment of the trial court. Such judgment is in full force and effect until it is reversed, and is binding on the parties as to every question decided." *Daugherty v. Daugherty* (1949) 119 Ind.App. 180, 83 N.E.2d 485, 486.

Furthermore,

> "where the judgment in one suit becomes final through lapse of time or affirmance on appeal while an appeal is still pending in another court from judgment in the other action, the first final judgment may be brought to the attention of the court in which an appeal is still pending and relied on as *res judicata*." *Domestic and Foreign Petroleum Co. v. Long, supra,* 51 P.2d at 80.

Thus, a federal appellate court decision affirming a district court decision which operated as *res judicata* in a state trial court proceeding, may later be considered by a state appellate court on review. *See Baughman v. State Farm Mutual Automobile Ins. Co.* (1983) 148 Cal.App.3d 621, 625, 196 Cal.Rptr. 35. In the present case the District Court was affirmed by the Seventh Circuit Court of Appeals. The Seventh Circuit concluded that regardless

we thereby acquire authority to allow the Superior Court to decide upon issues which were or might have been settled by the District Court.

**8.** We do not necessarily, nor must we, endorse the District Court's interpretation of Indiana law in this case. Suffice it to say that unless or until annulled or reversed by a higher federal court the judgment is binding upon the parties.

whether under Indiana law premium payment is essential to the existence of coverage, when Mrs. Jones telephoned agent Brown, she effectively cancelled any coverage which may have existed. While the Seventh Circuit's holding may be more palatable to some, being premised upon factual rather than legal findings, we repeat that the actual rationale for the decision is not controlling. "[I]t is the judgment which is controlling and not the basis thereof." *England v. Dana Corp., supra,* 259 N.E.2d at 437 n. 9. All that matters, therefore, is that the District Court's decision was, and remains, the first final judgment between American Family and the Joneses and therefore precludes a decision upon their state court claim.

## IV

### TRIAL COURT'S FAILURE TO SPECIFY FACTUAL AND LEGAL BASIS FOR SUMMARY JUDGMENT

The Joneses also contend that Indiana Rules of Procedure, Trial Rule 56(D) provides that when a court grants a partial summary judgment, it "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted" and "make an order specifying the facts that appear without substantial controversy" and that the trial court failed to comply with this requirement.

■ We find, however, that Indiana Rules of Procedure, Trial Rule 56(C) is more precisely applicable in this case inasmuch as the summary judgment was "partial" because applicable to fewer than all of the parties, as opposed to one which is "partial" because based upon fewer than all of the issues. When, as here, the summary judgment motion is founded upon the claim-preclusion[9] branch of *res judicata,* and when it thereby addresses all of the issues entailed in the case between the parties of the previous adjudication, there is no necessity for the trial court to make such a specification, *Richardson v. Citi-*

*zens Gas & Coke Utility* (1981) 4th Dist. Ind.App., 422 N.E.2d 704, it being obvious from the record. *Middelkamp v. Hanewich* (1977) 3d Dist., 173 Ind.App. 571, 364 N.E.2d 1024.

## V

### TRIAL COURT'S FAILURE TO CONSIDER DEPOSITIONS

Finally, the Joneses contend that Indiana Rules of Procedure, Trial Rule 56(C) places an affirmative duty on the court to consider all the depositions on file before granting a motion for summary judgment and that if the court had considered the depositions of Martin Refka and Glen Adler, who apparently were employed by American Family, it would have discovered support for Joneses' position that they had a contract with American Family regardless of the terms of the policy.

In answer, American Family argues that by failing to raise the issue of the trial court's failure to consider the depositions in their motion to correct errors, the Joneses waived this issue.

■ We see no need to make a mountain out of this molehill. By the Joneses' own admission, the content of the depositions addressed matters which were or could have been adjudicated by the District Court. The trial court's summary judgment was predicated upon the fact that as a matter of law *res judicata* precluded it from reaching the merits of the Joneses' claim. It would have been an exercise in futility for the court to have considered such factual matters even as it found itself precluded from doing so under principles of *res judicata.*

The judgment is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.

9. Our view, of course, would be different if the basis of the motion were issue preclusion.