> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-2126

| | |
|---|---|
| TIMOTHY C. PLATT and SONIA E. PLATT, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:14-CV-02088-JMS-TAB |
| CITIMORTGAGE, INC., *Defendant-Appellee*. | Jane E. Magnus-Stinson, *Judge*. |

**O R D E R**

Timothy and Sonia Platt appeal the dismissal of their lawsuit against CitiMortgage, which held and serviced their home mortgage. Their complaint asserts several claims, but the district court concluded that all of those claims are precluded by a judgment in favor of CitiMortgage in its foreclosure suit in Indiana state court. We agree and affirm the judgment.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

When CitiMortgage filed its state-court foreclosure complaint against the Platts in 2010, they counterclaimed that CitiMortgage had engaged in a scheme to defraud the federal government by exploiting the Federal Housing Administration's insurance of home mortgages. The Platts also counterclaimed that the company had "published libelous statements" that injured their financial reputation. After an unsuccessful attempt to remove the foreclosure case to federal court, the Platts filed this action in the district court, again alleging fraud involving FHA insurance and libel against them. The Platts also alleged that CitiMortgage had failed to offer them opportunities to participate in FHA programs that might have helped them avoid foreclosure. A month later, the state court granted summary judgment to CitiMortgage, finding that there was no genuine issue of material fact on its foreclosure claim or the Platts' counterclaims. CitiMortgage then moved the district court to dismiss this lawsuit with prejudice, arguing that the Platts' federal claims are identical to their now-adjudicated state counterclaims and thus precluded. The district court agreed, reasoning that the requirements of claim preclusion under Indiana law are all present: There was a judgment rendered on the merits by a court of competent jurisdiction, the previous suit was between the same parties, and the Platt's claims in federal court all had been brought as counterclaims in the earlier action and concerned the same transaction. *See Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 916 (7th Cir. 2005) (summarizing Indiana law). The Platts appeal.

As a preliminary matter, CitiMortgage contends that the Platts waived any challenge to the district court's judgment by failing to respond to its motion to dismiss. Although a party may waive an argument "by not responding to alleged deficiencies in a motion to dismiss," *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), "the waiver rule does not prevent a party from attacking on appeal the legal theory upon which the district court based its decision," *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 927 (7th Cir. 2015) (quoting *Hedge v. Cnty. of Tippecanoe*, 890 F.2d 4, 8 (7th Cir. 1989)). Here, the Platts may dispute the district court's conclusion that each of their claims is precluded. Nevertheless, although the Platts restate each of those three claims in their brief, they do not challenge the district court's adverse decision except as to one: that CitiMortgage failed to offer them opportunities to participate in federal programs designed to avert foreclosure. The Platts thus have waived any attempt to salvage the other two claims. *See Silk v. Bd. of Trs.*, 795 F.3d 698, 709 (7th Cir. 2015).

We review de novo the district court's decision to dismiss the Platts' complaint, *see Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011), and we

apply the claim preclusion principles of Indiana, where the prior adjudication occurred, *see Chicago Title Land Trust Co. v. Potash Corp. of Sask. Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011). Claim preclusion requires: "(1) a judgment rendered by a court of competent jurisdiction, (2) on the merits, (3) in a suit between the same parties, where (4) the matter now at issue was, or could have been, decided." *Wabash Valley Power Ass'n, Inc. v. Rural Electrification Admin.*, 903 F.2d 445, 455–56 (7th Cir. 1990). When two parallel cases are pending at the same time, the first final judgment will raise the issue of preclusion in the other case. *See Jones v. Am. Family Mut. Ins. Co.*, 489 N.E.2d 160, 164 (Ind. Ct. App. 1986); *England v. Dana Corp.*, 259 N.E.2d 433, 435 (Ind. App. 1970). Under Indiana law, the foreclosure judgment is an immediately appealable final judgment, *see Bahar v. Tadros*, 123 N.E.2d 189, 189–90 (Ind. 1954), and its finality for purposes of claim preclusion is not undermined by the Platts' still-pending appeal in that case, *see Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996).

The Platts argue that the state court did not decide their claim about CitiMortgage's supposed failure to offer opportunities to participate in federal foreclosure-avoidance programs and that they could not have brought this claim in state court because it concerns federal regulations. CitiMortgage insists that the Platts did raise this as a counterclaim in state court because of an allegation in their counter-complaint that the company's "libel" prevented them from "being able to refinance their home" through the provisions of the 2009 "federal economic stimulus act." In context, however, this statement does not appear to present an independent claim but, rather, identifies harm that the Platts attributed to CitiMortgage's alleged false reporting of their mortgage payments.

Regardless, it does not matter if the Platts explicitly included a counterclaim about CitiMortgage's alleged failure to offer measures to avoid foreclosure. In Indiana, a loan servicer's noncompliance with the FHA regulations can be raised as an affirmative defense to foreclosure. *See Lacy-McKinney v. Taylor, Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853, 864 (Ind. Ct. App. 2010). And withholding a claim to litigate later, or claim-splitting, is prohibited: "[M]ultiple legal theories supporting relief on account of one transaction must be litigated at one go." *Quimby v. Becovic Mgmt. Grp., Inc.*, 946 N.E.2d 30, 34 n.4 (Ind. Ct. App. 2011) (quoting *Wabash Valley Power Ass'n, Inc.*, 903 F.2d at 455). The Platts' claim here is related to the same transaction—CitiMortgage's servicing of their mortgage—as the foreclosure suit and their other counterclaims, which addressed CitiMortgage's reporting of their payments and its fraud related to FHA insurance. The Platts could have brought their claim at that time, and, therefore, the

third requirement for claim preclusion is satisfied. Because the other requirements are present as well, the claim is precluded, and the district court's judgment is **AFFIRMED**.