Eckert *et al. v.* Binkley *et al.*

No. 15,699.

## ECKERT ET AL. *v.* BINKLEY ET AL.

NEW TRIAL.—*When Right to File Motion for is Cut off by Motion in Arrest of Judgment.*—The filing of a motion in arrest of judgment previous to moving for a new trial, cuts off the right to a motion for a new trial, except where the grounds for a new trial are unknown at the time the motion in arrest is made.

PLEADING.—*Supplemental Answer.—Not Subject to Demurrer.*—A supplemental answer is not an independent and separate answer, but is a part of the whole answer, and is not subject to a separate demurrer; but where the additional answer is not a part of a preceding answer, but is distinct and complete in itself, it may be tested by separate demurrer.

SUPREME COURT.—*Decision of.—Law of the Case.*—A decision of the Supreme Court in a case is, when returned to the lower court, the law of the case only in so far as the facts remain the same.

SUPREME COURT PRACTICE.—*Answer to Assignment of Errors.—Question of Fact.*—While the Supreme Court could consider and decide issues of fact tendered by answering, to the assignment of errors, facts occurring after the judgment and appeal, and supporting such answer by written and oral evidence, yet such is not the practice of the court, and has been resorted to only in rare instances.

From the Marion Superior Court.

*A. C. Harris*, for appellants.

*V. Carter*, for appellees.

HOWARD, J.—This case is here for the second time. See *Binkley* v. *Forkner*, 117 Ind. 176.

The facts, so far as necessary for this appeal, are these: In March, 1883, John M. Kemper, then a resident of Marion county, purchased of Eckert brothers, appellants, a tract of land in Dubois county, upon which to erect a heading factory. On March 7th, 1883, he executed to said appellants his notes for one thousand dollars, the purchase-price, secured by mortgage on the land. Before purchasing the land, Kemper had given to Hadley, Wright & Co., manufacturers of the city of

Indianapolis, an order for certain machinery to be used in said factory; and on March 5th, 1883, while the machinery was still in the shop of the manufacturers, in Indianapolis, he gave them a chattel mortgage upon it, to secure the purchase-price, seventeen hundred dollars. Afterwards Kemper executed a second mortgage on the land to Forkner and others, bankers, to secure a debt to the bank. Hadley, Wright & Co. assigned their chattel mortgage to Charles C. Binkley, appellee, who brought this suit in the Marion Superior Court against Kemper, Eckert Brothers, appellants, Forkner, Barton & Ross, bankers, and Frank Joseph, sheriff of Dubois county. On the trial of said suit judgment was given the defendants in the special term, which was affirmed at the general term of the superior court. In the superior court the Eckert Brothers, who are the sole appellants here, had set up in answer to the complaint of Charles C. Binkley, assignee of the chattel mortgage, and sole appellee here, their alleged lien on said machinery by virtue of their mortgage on the real estate in Dubois county, alleging, also, that they had brought suit thereon, in which they had asserted that said machinery was attached to, and a part of, said real estate. To this answer appellee replied at great length, maintaining the personal character of the machinery, and asking that the lien of his chattel mortgage be found a first lien by the court. After the judgment in favor of Eckert Brothers, Charles C. Binkley appealed to this court. *Binkley* v. *Forkner*, *supra.* On the appeal the judgment of the superior court was reversed, this court holding that the machinery was personal property, and remained subject to the lien of the chattel mortgage. On the return of the case to the superior court for a new trial, the appellants, Eckert Brothers, filed what they called a supplemental answer, setting up facts alleging an estoppel by judgment. Ap-

pellee Binkley moved to strike out this answer, which motion·was overruled. Appellee then filed a demurrer to the answer, and this was sustained. On the ensuing trial, the court, after a finding of the facts, rendered judgment·for this appellee, sustaining the chattel mortgage, and ordering the machinery sold to pay the claim of appellee. Appellants moved the court in arrest of judgment as against them, and afterwards moved for a new trial, both of which were overruled. Appellants then appealed to the general term, assigning as errors the sustaining·of appellee's demurrer to the supplemental answer, and the overruling of their own motion for a new trial. The general term affirmed the judgment of the special term, and this appeal followed.

The only parties to this appeal are Eckert Brothers, appellants, and Charles C. Binkley, appellee.

The error here assigned is that the Marion Superior Court, in general term, erred in affirming the judgment of said court at special term.

The record shows that before filing their motion for a new trial, the appellants had filed a motion in arrest of judgment. We think that by filing their motion in arrest appellants waived their right to move for a new trial. A motion in arrest of judgment cuts off the right to a motion for a new trial, except only where the grounds of the motion for a new trial are unknown at the time the motion in arrest is made. Elliott's App. Proced., section 834; *Cincinnati, etc., R.W. Co.* v. *Case,* 122 Ind. 310, and authorities there collected.

This leaves for our consideration the ruling of the court at special term in sustaining appellee's demurrer to the supplemental answer.

So much of said supplemental answer, as we need consider, alleged that appellee was not entitled to any relief against appellants, for the reasons, that in February,

1883, appellants sold to John M. Kemper, then in life, the land in Dubois county, hereinbefore described, upon which he desired to erect a factory. On July 10th, 1883, the building and machinery for said factory having been erected on said land by said Kemper, appellants executed to him a deed of warranty for the premises, and in payment therefor, in pursuance of the terms of the agreement of sale made in February previous, said Kemper executed to appellants his promissory notes for one thousand dollars, secured by mortgage on the premises sold; that afterwards, on February 4th, 1884, appellee began this suit to foreclose his chattel mortgage on said machinery, making appellants, with others, parties thereto. On March 11th, 1884, the said debt of Kemper being due and unpaid, appellants brought suit in the Dubois Circuit Court against said Kemper and against appellee and others to foreclose their said mortgage on said land. Appellee appeared to said action and pleaded thereto. On change of venue to Gibson county, the cause came on for hearing at the January term, 1885, of the Gibson Circuit Court, and appellee then and there also appeared and filed pleas in bar and in cross-complaint against appellants, plaintiffs in that case, putting in issue the question as to the priority of his claim or lien, set forth in the pleadings in this court and cause, over the mortgage of appellants in that court and cause; and also putting in issue the question as to whether the machinery, upon which in this cause he claims a mortgage, was or was not real or personal property, as between him, the said Binkley, appellee, and the said Eckerts, appellants herein.

And the issue being joined, the cause came on for trial in the said Gibson Circuit Court on the 24th day of February, 1885, and the court then and there decided said issue as follows:

"The court further finds that the heading factory, steam engine, boiler, heading, equalizing and track saws, and all the machinery situate on said real estate, is a part and parcel of the real estate above described (being the same real estate herein specifically described), and are permanent fixtures thereto. The court finds that there is now due unto the plaintiffs, upon the two notes set out in their complaint, the sum of $1,157.50, and the further sum of $67.87 as attorney's fees on said notes; together, the sum of $1,285.35, payable without relief from valuation or appraisement laws; that default has been made in the terms and conditions of said mortgage, and that the same ought to be foreclosed; that the plaintiffs' mortgage lien is a senior and prior lien, upon the real estate above described, to any claim or interest of said defendants, or any of them."

And the court did then and there adjudge as follows:

"It is therefore considered and decreed by the court, that said mortgage be foreclosed and forever barred; that the heading factory, boiler, steam engine, heading, equalizing and track saws, and all the machinery situate on said real estate, is a part and parcel of the real estate above described, and are permanent fixtures attached thereto; and that the real estate above described be sold by the sheriff of Dubois county, Indiana, as other lands are sold on execution, without relief from valuation or appraisement laws, to satisfy the amount now due on this decree, costs and accruing costs; that the amount now due on the decree shall bear interest at the rate of six per cent. per annum from the date thereof; that the proceeds derived from the sale of said real estate be applied, first, to the payment of the costs herein, and, second, to the payment of the amount now due to the plaintiffs in this decree, including the costs thereon."

And appellants aver that the boiler, steam engine,

heading, equalizing and track saws, and all the machinery in the said decree described, was and is the same machinery and property described in the complaint of the said Binkley in this cause; that the said Binkley then and there moved for a new trial, which was overruled, and the said judgment, so made as aforesaid, has remained in full force and effect from thence till now; that the land, including the machinery, was sold under the decree and bought by appellants, who, at the expiration of a year, received a sheriff's deed therefor; that all said machinery is now, under said deed, the property of appellants.

Appellants contend that a demurrer does not lie to this answer, for the reason that it is but a supplemental answer, and hence but a part of the whole answer to the complaint, and not an independent and separate answer, and cites in support of this contention *Morey* v. *Ball*, 90 Ind. 450, and *Derry* v. *Derry*, 98 Ind. 319.

A reference to those authorities shows that a supplemental complaint, added to show facts that occurred after the complaint was filed, constitutes, not a paragraph of a complaint, but a statement of facts filling out or supplementing the facts already stated, and forming with the complaint, as first filed, but one complaint. This does not seem to us such a supplemental answer; it is not a part of an answer; on the contrary, it is a distinct and additional answer, complete in itself. It is, in effect, an answer of prior adjudication, and, like every other complete and distinct pleading, subject to be searched by a demurrer.

Appellee contends that the defense in this answer might have been pleaded in this court in answer to the assignment of errors in the former appeal in this court (*Binkley* v. *Forkner*, *supra*); saying, in his brief, that "When the judgment was rendered in the Gibson Circuit

Court, the same identical question on the same identical facts, and between the same identical parties, was pending in this court on the former appeal, and it remained pending for three years, eleven months and six days thereafter. The appellants had the right in answer to the assignment of errors on the former appeal to have set up the judgment of the Gibson Circuit Court, and it would have been a complete bar to such assignment."

We do not think the authorities adduced by appellee bear out his contention that an issue of fact, such as a plea of former adjudication, occurring after the trial and judgment below, would tender, ought, in general, to be presented, and tried for the first time in this court. Such, certainly, has not been the practice.

Section 655, R. S. 1881, provides that "No pleadings shall be required in the Supreme Court upon an appeal, but a specific assignment of all errors relied upon, to be entered on the transcript in matters of law only, which shall be assigned on or before the first day of the term at which the cause stands for trial; and the appellee shall file his answer thereto."

This court has steadily refused to weigh evidence on appeal, and questions of fact can not be retried here. *Coffman* v. *Reeves*, 62 Ind. 334.

And were this answer made to the assignment of errors in this court on the former appeal, and the appellant there should appear and controvert the allegations of the answer by a reply, it would seem that this court, in order to decide the issue, would have to sit as a *nisi prius* court; the other alternative would be by reversing the decision or otherwise, to send the case back to the lower court for retrial. That would bring the case to the condition in which it stood after this answer was filed in the court below, in case the demurrer were overruled and a reply there filed. A former adjudication is in some

sense a collateral issue, "collateral in the sense of being incident to, and connected with, the general controversy, although not an integral part of it." An issue collateral in this sense, as stated in Elliott's App. Proced., section 313, "Must, of course, be presented to the trial court for decision in some appropriate mode, for the higher court can not take up the rulings on the collateral issues as an independent controversy; on the contrary, it can not with propriety, or with right, adjudicate upon any questions save the rare ones which may be made on appeal for the first time, except those presented for decision in the court below. It is always necessary, therefore, to present these incidental questions to the trial court for decision, and, on appeal, to assign as error the decisions on such questions, or, in the proper case, the refusal to make a decision. This conclusion results from the settled general principle that an appellate tribunal reviews decisions, but does not, as a rule, decide original questions."

Were this answer made in this court on such former appeal, and its allegations admitted either by demurrer or by failure to reply, this court might undoubtedly have ruled upon it, and such, we think, will be found to be the character of the cases which appellee adduces in support of his contention; but this court would not, as a general rule, hear evidence for and against the allegations made by such answer, and so sit as a trial court; and to file an answer without being ready to support it by evidence would be futile. We conclude, therefore, that the answer was properly made in the court below.

Was the answer good? We think it was. See *Gilmore* v. *McClure, Admr.*, 133 Ind. 571; also, *O'Brien* v. *Moffitt*, 133 Ind. 660, and cases cited.

Appellee admits that "when the judgment was rendered in the Gibson Circuit Court the same identical

questions on the same identical facts, and between the
same identical parties, were pending in this court on the
former appeal.'' The conclusion is, therefore, irresist-
ible that the answer set up a good plea of former adju-
dication.

We are reminded that the decision of this court is the
law of the case after its return to the lower court. But
this is so only in so far as the facts remain the same.

In *Dodge* v. *Gaylord*, 53 Ind. 365 (369), the rule is well
stated, as applicable to this case: ''It is settled, that if
a cause be appealed to the Supreme Court, and the judg-
ment be reversed, and the cause remanded to the court
below for a new trial, and a second appeal be taken, it
brings up for review and decision nothing but the pro-
ceedings subsequent to the reversal.   *   *   *   It is also
settled, that the decision of the Supreme Court, rendered
upon a given state of facts, becomes the law of the case
as applicable to such facts, and if the cause be remanded
for a new trial, the parties have the right to introduce
new evidence and establish a new state of facts; and
when this is done, the decision of the Supreme Court
ceases to be the law of the case, and the court in the trial
of such case, is not conclusively bound by such decision,
but should apply the law applicable to the new and
changed state of facts.'' See, also, authorities in the
same case.

When the case before us was returned to the superior
court, a new state of facts was alleged in the answer then
filed, and which the court rightly refused to strike out,
namely, that since the former trial and judgment, which had
been reversed in this court, an adjudication of the same mat-
ters between the same parties was had by a court having
jurisdiction of both the matters and the parties, to wit,
the Gibson Circuit Court, the questions in that court be-
ing the same and the parties the same as in this case. It

also appeared from the answer that the judgment of the Gibson Circuit Court remained in full force and effect, and was never appealed from. This presented an entirely new state of facts. Whether the judgment of the Gibson Circuit Court was correct or not could no longer be considered. That had been waived by the failure of the appellee for more than one year to appeal from the judgment, although he had prayed for an appeal in that court, and had been granted one. On this changed state of facts the former decision of this court, however correct, is no longer the law of this case. The court "should apply the law applicable to the new and changed state of facts."

It follows, therefore, that the court below, in general term, erred in affirming the judgment of said court in special term, and that the court below in special term erred in sustaining the demurrer to the supplemental answer.

The judgment of the court below at general term is reversed, with directions to require said court at special term to overrule the demurrer to the supplemental answer to the complaint, and for further proceedings not in conflict with this opinion.

Filed Feb. 22, 1893.

### ON PETITION FOR A REHEARING.

HOWARD, J.—We do not think that the opinion in this case is susceptible of the interpretation given it by appellee, to the effect that the court holds that an answer to an assignment of errors might not be filed in the Supreme Court, setting up facts occurring after the judgment and appeal, and supporting such answer by written and even oral evidence.

While this court could consider and decide issues of fact so tendered, and while it has done so in rare instan-

ces, yet, as the opinion says, "such, certainly, has not been the practice."

The spirit of the statute, and the very nature of this court, as a court of errors and appeals, tend to confine attention to questions of law, and to require that questions of fact be tried in the courts of original jurisdiction. Such being the prevailing and proper practice, it would be manifestly inequitable to hold that appellee was too late in filing his answer of prior adjudication in the trial court after the return of the case from the former appeal. Granting that this court might have entertained that plea had it been here presented, as appellee claims it should have been, yet it was not too late when filed on the taking up of the case for retrial. The purpose of the opinion was not to decide anything further than this on that question.

Appellee also contends that we did not decide the claim made by him that the answer, while professing to answer the whole complaint, answered only a part of it, and hence that his demurrer to the answer was properly sustained. Appellee admits that a plea of former adjudication, when well made, is a bar to the further maintenance of the action. How, then, can it be said that it was not error to sustain the demurrer to this answer?

We have given careful attention to the able and earnest petition and brief of counsel for a rehearing of this case, but can find in it no reason for changing the conclusion formerly reached by us.

The petition for a rehearing is overruled.

Filed June 6, 1893.