RAGNAR BENSON, INC. *v*. WM. P. JUNGCLAUS CO., INC.

[No. 1-275A36.  Filed January 21, 1976.  Rehearing denied February 26, 1976.  Transfer denied August 20, 1976.]

*Peter B. Stewart, James J. Stewart, Stewart Irwin Gilliom Fuller & Meyer,* of counsel, of Indianapolis, for appellant.

*Lloyd H. Milliken, Jr., Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, for appellee.

LYBROOK, J.—This appeal stems from an action to recover damages for personal injuries sustained in the collapse of a portion of a building being erected at a construction project. At issue herein is the trial court's disposition of a cross-claim for indemnification between two party defendants.

The original plaintiff, Gerald R. Beck, was injured while employed as an iron worker by Ben Hur Construction Company. Plaintiff's complaint named the following defendants: National By-Products, Inc., owner of the premises; Ragnar Benson, Inc. (Ragnar Benson), architect and general contractor; Wm. P. Jungclaus, Inc. (Jungclaus), building subcontractor of Ragnar Benson; and Bailey Masonry, subcontractor of Jungclaus.

As part of its responsive pleadings, defendant Ragnar Benson, appellant herein, cross-claimed for indemnification against Jungclaus alleging (1) that pursuant to the contract between Ragnar Benson and Jungclaus, Jungclaus "agreed, among other things, to indemnify and save harmless cross-claimant from any and all loss, liability, damages, costs, attorney fees or other expenses incidental thereto of every kind and nature whatsoever on account of any claims for injury to persons employed by the cross-defendant or his subcontractors", and (2) that Jungclaus breached its contract with Ragnar Benson in that it or its subcontractors deviated from the construction plans, specifications and drawings thereby proximately causing the accident resulting in plaintiff's injuries, and (3) that Jungclaus negligently performed its duties under its contract with Ragnar Benson thereby proximately resulting in plaintiff's injuries.

On July 28, 1972, Ragnar Benson moved for summary judgment on its cross-claim against Jungclaus, which motion was overruled by the trial court on October 18, 1972. On November 16, 1973, Jungclaus moved for summary judgment on Ragnar Benson's claim for indemnity, and Ragnar Benson renewed its request for summary judgment. On January 16, 1974, the court denied Jungclaus' motion for summary judgment and failed to sustain Ragnar Benson's renewed request for summary judgment.

After Ragnar Benson moved for summary judgment, yet prior to Jungclaus' motion, Ragnar Benson and Jungclaus settled plaintiff's claim against them, each contributing $125,-000. However, Ragnar Benson and Jungclaus entered into no settlement as to the issue of indemnification.

On July 2, 1974, the court granted leave to Jungclaus to file a fourth defense to Ragnar Benson's cross-claim. Said defense asserted *res judicata* and collateral estoppel based upon the disposition of an indemnification claim between Ragnar Benson and Jungclaus in a companion case in the

Marion Superior Court. Plaintiff in that case, William Joseph App, had sustained injuries at the same time and under the same circumstances as plaintiff Beck and had brought suit against Ragnar Benson and Jungclaus among others. Therein, Ragnar Benson had filed a responsive pleading which included a cross-claim for indemnification against Jungclaus which, except for damages claimed, was identical to the cross-claim filed by Ragnar Benson in the instant action.

In the App case, Junglaus moved to dismiss Ragnar Benson's cross-claim on the ground that it failed to state a claim upon which relief could be granted. Said motion was sustained, and thereafter on January 16, 1974, the Marion Superior Court entered final judgment in favor of Jungclaus on the cross-claim. No appeal was perfected from that judgment within the time permitted under the rules of procedure.

On July 29, 1974, Jungclaus moved for summary judgment on the cross-claim in the case at bar asserting collateral estoppel on the basis of the judgment entered against Ragnar Benson on its cross-claim in the App case. Thereafter, the court granted Jungclaus' motion and entered judgment in its favor.

Ragnar Benson's appeal from that judgment presents the following issues for review:

(1) Whether the trial court erred in determining that the judgment of dismissal in the App case operated to collaterally estop prosecution of Ragnar Benson's cross-claim for indemnification in the instant case.

(2) Whether the trial court erred in denying Ragnar Benson's motion for summary judgment on its cross-claim for indemnification, which motion and the ruling thereon were made prior to the entry of the judgment of dismissal in the App case.

I.

In the instant case, Jungclaus asserted collateral estoppel grounded on the branch of the rule of *res judicata* known as

estoppel by verdict or finding. This doctrine is described as follows in *Town of Flora* v. *Indiana Service Corp.* (1944), 222 Ind. 253, 53 N.E.2d 161:

> "The other branch of the subject applies where the causes of action are not the same, but where some fact or question has been determined and adjudicated in the former suit, and the same fact or question is again put in issue in a subsequent suit between the same parties. In such cases the former adjudication of the fact or question, if properly presented and relied on will be held conclusive on the parties in the latter suit, regardless of the identity of the causes of action, or the lack of it, in the two suits. When the second action between the same parties is on a different cause of action, claim, or demand, it is well settled that the judgment in the first suit operates as an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. In such cases the inquiry must always be as to the point or question actually litigated and determined in the original action. This branch of the subject may appropriately be described as 'estoppel by verdict or finding'." See also, *Booher* v. *Richmond Square, Inc.* (1974), 160 Ind. App. 44, 310 N.E.2d 89.

Not all judgments of dismissal on the grounds stated in Ind. Rules of Procedure, Trial Rule 12(B) constitute an adjudication on the merits so as to bar presentation of the same issues in a subsequent action. Eg., *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119; *Cooper* v. *Board of Review* (1971), 150 Ind. App. 232, 276 N.E.2d 533 (TR. 12(B)(1), want of jurisdiction); *State* v. *Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604 (TR. 12(B)(6), dismissal for want of real party in interest not a bar to subsequent action by real party in interest). However, it is generally considered that the entry of judgment following dismissal on the ground of failure to state a claim upon which relief could be granted constitutes an adjudication on the merits of the asserted claim barring its subsequent assertion. *England* v. *Dana Corp.* (1970), 147 Ind. App. 279, 259 N.E.2d 433; *Cureton* v. *Lyman S. Ayres & Co.* (1972), 153 Ind. App. 495, 287 N.E.2d 904.

Ragnar Benson's argument that the trial court erred in its application of the doctrine of collateral estoppel is two-fold. First, it is submitted that the question of whether the cross-claim stated a claim upon which relief could be granted was resolved in the affirmative in the case at bar at a point in time prior to the order of dismissal in the App case. Ragnar Benson therefore argues that if either determination is controlling, it must be the prior ruling in the case at bar.

The error in Ragnar Benson's argument lies in its failure to recognize that the prior decision of the court in the instant case overruling the defenses subsequently sustained in the App case was not a final determination on the merits of the cross-claim, and therefore could not have been binding in the App case. See, *Slater* v. *Stoffel* (1969), 144 Ind. App. 672, 248 N.E.2d 378. For purposes of the applicability of the doctrine of collateral estoppel, the prior determination on the merits of Ragnar Benson's claim was the entry of the judgment of dismissal in the App case.

In this same vein, Ragnar Benson argues that the doctrine of collateral estoppel operates only to bar actions *initiated subsequent* to prior final determinations, and that it can have no application between actions being prosecuted concurrently. The fallacy in this approach is demonstrated by the case of *Eckert* v. *Brinkley* (1893), 134 Ind. 614, 33 N.E. 619. Therein Brinkley filed an action against Eckert and others in the Marion Superior Court. Following trial, a judgment was entered for Eckert. Brinkley's appeal of this judgment to the Supreme Court resulted in reversal and remand of the case to the court below for a new trial. Subsequent to the filing of the initial action by Brinkley, Eckert filed suit against Brinkley and others in the Dubois Circuit Court, which case was later venued to the Gibson Circuit Court. The issues in the second case were the same as those presented in the first case. The Gibson Circuit Court entered judgment for Eckert and against

Brinkley. Brinkley did not perfect an appeal from this judgment. Upon remand of the first case to the Marion Superior Court, Eckert filed a supplemental answer alleging an estoppel by judgment based upon the judgment of the Gibson Circuit Court. The Marion Superior Court sustained a demurrer to this answer. However, the Supreme Court, though it had decided the identical issue differently, reversed, holding that Eckert's supplemental answer was good and barred Brinkley from proceeding further.

Further, Ragnar Benson's assertion is contrary to the general rule set forth in Restatement, Judgments § 43 (1942) as follows:

> "A valid and final judgment rendered in one action is conclusive in another action between the parties *although the other action was commenced before the rendition of the judgment or before the commencement of the action in which the judgment was rendered.*" (Emphasis added.)

Ragnar Benson's second argument against application of the doctrine of collateral estoppel in the case at bar rests upon the alleged lack of mutuality of estoppel. It is emphasized that had the trial court overruled the motion to dismiss in the App case, Ragnar Benson would not have been able to assert that determination to prevent a contrary ruling in the case at bar. However, the error in Ragnar Benson's approach is its failure to recognize that it is the judgment of dismissal in the App case which provides the foundation upon which to apply the principle of estoppel. Had that court overruled Jungclaus' motion to dismiss, a judgment on the merits of the cross-claim might have subsequently resulted. That determination would then have been binding in the case at bar if entered prior to a determination on the merits.

## II.

Prior to the entry of the judgment of dismissal in the App case, Ragnar Benson moved for summary judgment on its cross-claim against Jungclaus for indemnification in the case

at bar. The decision of the trial court overruling that motion is now asserted as error in this appeal.

Initially, Jungclaus asserts that the denial of a motion for summary judgment is not reviewable on appeal. However, such assertion appears contrary to the Ind. Rules of Procedure, Trial Rule 56(E), which provides that the denial of summary judgment may be challenged by a motion to correct errors after a final judgment is entered. See, *Kasten* v. *Sims Motor Transport* (1975), 166 Ind. App. 117, 333 N.E.2d 906.

However, for reasons previously set forth herein, we must decline review of the trial court's ruling on the motion for summary judgment. By this issue, Ragnar Benson is attempting to circumvent application of the doctrine of collateral estoppel. The effect is that of an improper collateral attack on the decision of the trial court in the App case.

## CONCLUSION

Ragnar Benson having failed to demonstrate reversible error in the dismissal of its cross-claim the judgment of the trial court is hereby affirmed.

Lowdermilk, J. and Hoffman, J. (participating by designation), concur.

NOTE.—Reported at 340 N.E.2d 361.