**INSURANCE COMPANY OF NORTH AMERICA, Appellant–Defendant,**

v.

**HOME LOAN CORPORATION d/b/a Expanded Mortgage Credit, Appellee–Plaintiff.**

No. 49A05–0606–CV–332.

Court of Appeals of Indiana.

March 20, 2007.

Charles W. Linder, Jr., Sharon L. Wright, Linder & Hollowell, Indianapolis, IN, Attorneys for Appellant.

John S. (Jay) Mercer, Daniel S. Tomson, Wood Tuohy Gleason Mercer & Herrin, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Insurance Company of North America ("INA") appeals the denial of two motions for summary judgment against Home Loan Corporation d/b/a Expanded Mortgage Credit ("Home Loan"). We reverse and remand.

### Issue

The dispositive issue is whether the trial court abused its discretion in denying INA's motion for summary judgment on the issue of collateral estoppel.

### Facts and Procedural History

The facts most favorable to Home Loan, the non-moving party, indicate that on December 7, 2001, Home Loan provided a $68,0000 first mortgage loan to Temika Graham to purchase residential real estate in Indianapolis. Capital Mortgage Group, Inc. ("Capital Mortgage"), acted as the mortgage broker. Pursuant to Indiana Code Section 23–2–5–5(b), Capital Mortgage maintained a loan broker's bond "satisfactory to the [Indiana securities] commissioner" on which INA was the surety. The bond, promulgated by the Indiana Secretary of State's Securities Division, reads in pertinent part,

> Every person who has a cause of action under IC 23–2–5 may bring an action upon this bond to enforce any liability on the bond providing, however, that no suit on this bond may be maintained to enforce any liability on this bond unless brought within two (2) years after the act upon which it is based.

Appellant's App. at 75. Graham made no payments and defaulted on the loan.

On September 23, 2002, Home Loan filed a loan fraud complaint against Graham ("the Graham case") in Marion Superior Court ("the trial court"). On July 3, 2003, Home Loan filed a first amended complaint, which added Capital Mortgage, Graham's real estate agent, and two real

estate appraisers as defendants and alleged that they had participated in the loan fraud.[1] On January 5, 2005, Home Loan filed a second amended complaint, which added INA as a defendant in a claim against the $50,000 surety bond based on Capital Mortgage's alleged fraud.

Also on January 5, 2005, Home Loan named INA as a defendant in a similar loan fraud lawsuit against Capital Mortgage and borrower Justin Geisler ("the Geisler case"), which had been filed in Marion Circuit Court on June 23, 2003. On June 29, 2005, INA filed a motion for summary judgment in the Geisler case in which it asserted, *inter alia*, that the two-year limitation to bring suit on the bond had expired before Home Loan sued INA. Home Loan responded that it had sued Capital Mortgage for fraud, for which the statutory limitation period is six years,[2] and that its action on the bond was therefore timely.

On July 1, 2005, INA filed a motion for summary judgment in the Graham case in which it raised the same two-year limitation argument. Home Loan offered the same response. The matter was set for

hearing on October 26, 2005, before Senior Judge Steve Frank. On that date, Judge Frank recused himself because of a conflict and reset the hearing for November 2, 2005. Judge Cale Bradford replaced Judge Frank.

On September 19, 2005, the Marion Circuit Court held a hearing on INA's summary judgment motion in the Geisler case and took the matter under advisement. On October 26, 2005, the court entered final judgment[3] in favor of INA "on the ground the two-year statute of limitation applies[.]" *Id.* at 313.[4] Home Loan did not appeal that decision, and the judgment became non-appealable on November 26, 2005.

On November 2, 2005, the trial court held a hearing on INA's summary judgment motion in the Graham case and took the matter under advisement. On November 9, 2005, the trial court summarily denied the motion. INA did not seek certification for a discretionary appeal of that interlocutory order.[5]

On January 20, 2006, INA filed a second motion for summary judgment in the Gra-

---

1. The record indicates that Graham was never served and that her agent was defaulted. On May 3, 2006, the trial court voluntarily dismissed Capital Mortgage without prejudice on the joint motion of Home Loan and Capital Mortgage. Home Loan's lawsuit remains pending against the appraisers.

2. Ind.Code § 34–11–2–7.

3. We use "final judgment" here in the context of Indiana Appellate Rule 5(A), which provides that this Court "shall have jurisdiction in all appeals from Final Judgments" of circuit and superior courts, and Appellate Rule 2(H)(2), which provides that a judgment is a "final judgment" if "the trial court in writing expressly determines under ... Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment ... under Trial Rule 56(C) as to fewer than all the issues, claims or parties[.]"

4. Although the bond is a statutory bond, the statute itself does not specify a limitation period. Indiana Code Section 23–2–5–5(b) provides only that the bond must be "satisfactory to the [securities] commissioner in the amount of fifty thousand dollars ($50,000), which shall be in favor of the state and shall secure payment of damages to any person aggrieved by any violation of this chapter by the licensee."

5. *See* Ind. Appellate Rule 14(B) ("The trial court, in its discretion, upon motion by a party, may certify an interlocutory order to allow an immediate appeal.... If the trial court certifies an order for interlocutory appeal, the Court of Appeals, in its discretion, upon motion by a party, may accept jurisdiction of the appeal.").

ham case in which it asserted that Home Loan was collaterally estopped from pursuing its claim against the bond based on the final and non-appealable judgment in INA's favor in the Geisler case. On April 26, 2006, the trial court held a hearing on INA's motion. The court summarily denied the motion and ultimately certified both denials for interlocutory appeal. On July 28, 2006, this Court accepted jurisdiction.

### Discussion and Decision

Because the issue is both dispositive and a narrower ground for deciding this appeal, we address the trial court's denial of INA's motion for summary judgment on the issue of collateral estoppel.

> Our standard of review for the denial of a motion for summary judgment is the same as that of the trial court. Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In determining whether the trial court erred in denying summary judgment, we give careful scrutiny to the pleadings and designated materials, construing them in a light most favorable to the nonmovant, while also clothing the trial court's decision with a presumption of validity.

*America's Directories Inc. v. Stellhorn One Hour Photo, Inc.*, 833 N.E.2d 1059, 1065 (Ind.Ct.App.2005) (citations omitted), *trans. denied* (1996).

▮ As we explained in *Crosson v. Berry*, 829 N.E.2d 184 (Ind.Ct.App.2005), *trans. denied,*

> Collateral estoppel or issue preclusion bars subsequent litigation of an issue necessarily adjudicated in a former suit if the same issue is presented in the subsequent suit. In that situation, the former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. However, the former adjudication will only be conclusive as to those issues that were actually litigated and determined therein. Collateral estoppel does not extend to matters that were not expressly adjudicated and that can be inferred from the prior adjudication only by argument. A prime consideration in the use of issue preclusion is whether the party against whom the prior judgment is asserted had a full and fair opportunity to litigate the issue and whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion. A trial court's decision to refuse to apply collateral estoppel will be reversed only upon a showing of abuse of discretion. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it.

*Id.* at 192–93 (citations omitted). "Issue preclusion requires: (1) a final judgment on the merits in a court of competent jurisdiction, (2) identity of issues, (3) the party to be estopped was a party or the privity of a party in the prior action." *Sims v. Scopelitis*, 797 N.E.2d 348, 351 (Ind.Ct.App.2003), *trans. denied* (2004).[6]

---

**6.** "[C]ollateral estoppel has been divided into two categories, offensive and defensive collateral estoppel." *In re Commitment of Heald*, 785 N.E.2d 605, 613 (Ind.Ct.App.2003), *trans. denied.*
  Offensive collateral estoppel involves a situation where the plaintiff seeks to foreclose the defendant from litigating an issue that

the defendant had previously litigated unsuccessfully in an action with another party. Defensive collateral estoppel involves a situation where the defendant seeks to prevent a plaintiff from asserting a claim which the plaintiff had previously litigated and lost.

Home Loan does not dispute that the judgment in the Geisler case was a final judgment on the merits for purposes of collateral estoppel [7] or that the relevant issues and parties in the Graham and Geisler cases are identical. Neither does it dispute that it had a full and fair opportunity to litigate the two-year limitation issue in the Geisler case. Instead, Home Loan claims that "[a]n element of collateral estoppel is that it can only operate to bar the *subsequent* litigation of a fact or issue which was necessarily adjudicated in a *former* lawsuit if the same fact or issue is presented in the *subsequent* lawsuit." Appellee's Br. at 23 (citing *Mendenhall v. City of Indpls.*, 717 N.E.2d 1218, 1225 (Ind.Ct.App.1999), *trans. denied* (2000)). While cases like *Mendenhall* and *Crosson* often use such language to describe the typical situation in which collateral estoppel arises, this Court has previously dismissed the notion that the doctrine "operates only to bar actions *initiated subsequent* to prior final determinations, and that it can have no application between actions being prosecuted concurrently." *Ragnar Benson, Inc. v. Wm. P. Jungclaus Co.*, 352 N.E.2d 817, 820 (Ind.Ct.App.1976) (emphasis in original).[8]

The procedural history of *Ragnar Benson* closely parallels that of our case. Gerald Beck "was injured while employed as an iron worker by Ben Hur Construction Company." *Id.* at 818. Beck sued several defendants in Hancock Circuit Court, including Ragnar Benson, the architect and general contractor, and Jungclaus, a subcontractor. Ragnar Benson cross-claimed against Jungclaus for indemnification. In July 1972, Ragnar Benson filed a summary judgment motion on its cross-claim, which the trial court denied. Both Ragnar Benson and Jungclaus then settled with Beck but did not settle the cross-claim. In November 1973, Jungclaus filed a motion for summary judgment on the cross-claim, and Ragnar Benson renewed its motion, both of which the trial court denied in January 1974.

On July 2, 1974, the court granted leave to Jungclaus to file a fourth defense to Ragnar Benson's cross-claim. Said defense asserted *res judicata* and collateral estoppel based upon the disposition of an indemnification claim between Ragnar Benson and Jungclaus in a companion case in the Marion Superior Court. Plaintiff in that case, William Joseph App, had sustained injuries at the same time and under the same circumstances as plaintiff Beck and had brought suit against Ragnar Benson and Jungclaus among others.[9] Therein, Ragnar Benson had filed a responsive

---

*Id.* (citations and emphases omitted). Here, we are concerned with INA's defensive use of collateral estoppel against Home Loan on the two-year limitation issue.

7. In *Northern Indiana Commuter Transportation District v. Chicago SouthShore & South Bend Railroad*, 685 N.E.2d 680 (Ind.1997) ("*NICTD*"), our supreme court noted, "For collateral estoppel purposes a judgment is not final *in Illinois* until 'the potential for appellate review [has] been exhausted.'" *Id.* at 690 (quoting *Ballweg v. City of Springfield*, 114 Ill.2d 107, 102 Ill.Dec. 360, 499 N.E.2d 1373, 1375 (1986)) (emphasis added) (brackets in *NICTD*). Both INA and the Indiana

Law Encyclopedia cite *NICTD* for this general proposition without acknowledging the reference to Illinois law. *See* Appellant's Br. at 19 (citing *NICTD* and INDIANA LAW ENCYCLOPEDIA *Judgment* § 196).

8. *Ragnar Benson* superseded an opinion at 167 Ind.App. 628, 340 N.E.2d 361 (1976), and does not appear in the Indiana Appellate Reports. Neither INA nor Home Loan cited *Ragnar Benson*, which we found in our independent research.

9. The opinion does not indicate when App filed his lawsuit.

pleading which included a cross-claim for indemnification against Jungclaus which, except for damages claimed, was identical to the cross-claim filed by Ragnar Benson in the instant action.

In the App case, Jungclaus moved to dismiss Ragnar Benson's cross-claim on the ground that it failed to state a claim upon which relief could be granted. Said motion was sustained, and thereafter on January 16, 1974, the Marion Supreme [sic] Court entered final judgment in favor of Jungclaus on the cross-claim. No appeal was perfected from that judgment within the time permitted under the rules of procedure.

On July 29, 1974, Jungclaus moved for summary judgment on the cross-claim in the case at bar asserting collateral estoppel on the basis of the judgment entered against Ragnar Benson on its cross-claim in the App case. Thereafter, the court granted Jungclaus' motion and entered judgment in its favor.

*Id.* at 819.

We affirmed the trial court, rejecting Ragnar Benson's argument that collateral estoppel does not apply "between actions being prosecuted concurrently":

The fallacy in this approach is demonstrated by the case of *Eckert v. Brinkley* [*Binkley*] (1893), 134 Ind. 614, 33 N.E. 619. Therein Brinkley filed an action against Eckert and others in the Marion Superior Court. Following trial, a judgment was entered for Eckert. Brinkley's appeal of this judgment to the Supreme Court resulted in reversal and remand of the case to the court below for a new trial. Subsequent to the filing of the initial action by Brinkley, Eckert filed suit against Brinkley and others in the Dubois Circuit Court, which case was later venued to the Gibson Circuit Court. The issues in the second case were the same as those presented in the first case. The Gibson Circuit Court entered judgment for Eckert and against Brinkley. Brinkley did not perfect an appeal from this judgment. Upon remand of the first case to the Marion Superior Court, Eckert filed a supplemental answer alleging an estoppel by judgment based upon the judgment of the Gibson Circuit Court. The Marion Superior Court sustained a demurrer to this answer. However, the Supreme Court, though it had decided the identical issue differently, reversed, holding that Eckert's supplemental answer was good and barred Brinkley from proceeding further.[10]

Further, Ragnar Benson's assertion is contrary to the general rule set forth in

---

**10.** The *Eckert* court stated,

When the case before us returned to the [Marion] superior court, a new state of facts was alleged in the answer then filed, and which the court rightly refused to strike out, namely, that since the former trial and judgment, which had been reversed in this court, an adjudication of the same matters between the same parties was had by a court having jurisdiction of both the matters and the parties, to wit, the Gibson Circuit Court, the questions in that court being the same, and the parties the same as in this case. It also appeared from the answer that the judgment of the Gibson Circuit Court remained in full force and effect, and was never appealed from. This presented an entirely new state of facts. Whether the judgment of the Gibson Circuit Court was correct or not could no longer be considered. That had been waived by the failure of the appellee for more than one year to appeal from the judgment, although he had prayed for an appeal in that court, and been granted one. On this changed state of facts the former decision of this court, however correct it is, is no longer the law of this case. The court "should apply the law applicable to the new and changed state of facts."

134 Ind. at 622–23, 33 N.E. at 622.

Restatement, Judgments § 43 (1942) as follows:

> "A valid and final judgment rendered in one action is conclusive in another action between the parties *although the other action was commenced before the rendition of the judgment or before the commencement of the action in which the judgment was rendered.*" (Emphasis added.) [11]

*Id.* at 820–21.

In sum, *Ragnar Benson* establishes that collateral estoppel is applicable to simultaneous proceedings such as the Graham and Geisler cases. As for whether it would be otherwise unfair under the circumstances to permit the use of collateral estoppel, Home Loan makes much of the fact that INA could have moved to consolidate the cases pursuant to Indiana Trial Rule 42. The same could be said for Home Loan, however, since the rule allows any party to seek consolidation. *See* Ind. Trial Rule 42(D) ("When civil actions involving a common question of law or fact are pending in different courts, *a party* to any of the actions may, by motion, request consolidation of those actions[.]") (emphasis added).[12] It is also true, as Home Loan observes, that INA *could* have sought an interlocutory appeal of the denial of its summary judgment motion on the two-year limitation issue in the Graham case,

---

**11.** Comment a to Section 43 of the Restatement reads in pertinent part,

> *Effect on pending action.* The rules of res judicata are applicable not only where an action has been brought after the rendition of the judgment in another action, but also where an action has been brought prior to the rendition of the judgment, and even where the action was brought before the bringing of the action in which the judgment was rendered. Where two actions are pending between the same parties which are based upon the same cause of action or which involve the same issue, it is the first final judgment rendered in one of the actions which becomes conclusive in the other action, regardless of which action was brought first. This is true as to the effect of the judgment as a merger ... or bar ... or as a collateral estoppel (see Illustrations 3 and 4).
>
> *Illustrations:*
> . . . .
>
> 3. A brings an action against B to recover interest due on an unmatured promissory note which A alleges was executed by B and was payable to A. B denies that he executed the note. Thereafter A brings another action against B to recover interest accruing on the note after the commencement of the first action, and B denies that he executed the note. Before further steps are taken in the first action there is a trial in the second action resulting in a verdict and judgment for B. The judgment is a defense to the first action.

4. The facts are as stated in Illustration 3, except that the trial in the second action results in a verdict and judgment for A. The judgment is conclusive in the first action on the issue of the execution of the note by B.

**12.** Home Loan does not dispute INA's assertion that the Graham and Geisler cases would have been consolidated in Marion Circuit Court—the court in which INA prevailed on the two-year limitation issue—pursuant to Trial Rule 42(D) and Administrative Rule 8(B)(1). *See* Ind. Trial Rule 42(D) (stating that a motion to consolidate "may only be filed in the court having jurisdiction of the *action with the earliest filing date*. . . . In the event two or more actions have the same earliest filing date, the motion may be filed only in the court having the lowest identifier number under Administrative Rule 8(B)(1), which court shall be considered as having the action with the earliest filing date."); Ind. Administrative Rule 8(B)(1) (listing Marion Circuit Court's identifier number as 49C01 and the trial court's identifier number as 49D01). The Graham case has the earlier initial filing date, but INA relies on the fact that "[b]oth lawsuits against INA were filed by amended complaint on January 5, 2005." Appellant's Br. at 25. Whether this means that the Graham and Geisler cases have the "same earliest filing date" for purposes of Trial Rule 42(D) is an interesting question of first impression that we need not answer today.

but—like Jungclaus in *Ragnar Benson*—it was by no means required to do so. Home Loan cites no authority for the proposition that INA should be "estopped [from] claiming estoppel" because of its failure to request either consolidation or an interlocutory appeal. Appellee's Br. at 26.[13]

In light of the foregoing, we must conclude that the trial court abused its discretion in denying INA's motion for summary judgment on the issue of collateral estoppel. We therefore reverse and remand with instructions to enter judgment in favor of INA on Home Loan's claim against the surety bond.

Reversed and remanded.

SULLIVAN, J., and SHARPNACK, J., concur.

---

13. We acknowledge Home Loan's concern that applying collateral estoppel in similar situations could result in a "race to the courthouse." Appellee's Br. at 23. That did not happen in this case, however. It was only because of the vagaries of the judicial system that a final judgment was first entered in the Geisler case. Home Loan claims that it "had a legitimate reason not to appeal the Geisler decision—Home Loan had been paid off. During mediation, other parties to the Geisler matter settled their claims with Home Loan in amounts which totaled the amount owed to Home Loan." Appellee's Br. at 24. None of this information appears in the record. Moreover, Home Loan cites no authority for its suggestion that a party's rationale for not appealing a judgment is relevant in determining the applicability of collateral estoppel.